228:39 LRA591n

## In re YELL.

1. FISHERIES—CONSTRUCTION OF STATUTE—SUFFICIENCY OF TITLE.
   Section 2 of Act No. 200, Pub. Acts 1895, prohibiting the use of "any pound, trap, stake, gill, or set nets or seines, or any device of any kind, for taking fish in any of the tributaries of the Saginaw river," does not prohibit fishing with hook and line, the word "device" meaning a device of like kind as those specified; and the objection that the title of the act, "An act for the protection of fish in the Saginaw river and its tributaries," is not sufficiently comprehensive to cover an entire prohibition of fishing, is, therefore, without force.

2. SAME — CONSTITUTIONAL LAW — PENAL STATUTES — EXCESSIVE FINES.
   The failure of the act to fix a maximum penalty for its violation does not render it repugnant to section 31, article 6, of the Constitution, prohibiting the imposition of excessive fines. In such case the statute is to be read in connection with the constitutional provision, and the power of the court administering the law is limited thereby.

Joseph Yell, having been arrested for the violation of a penal statute, and committed in default of bail, sued out a writ of *habeas corpus*. Submitted November 19, 1895. Prisoner remanded December 3, 1895.

*Ferdinand Brucker* and *Fred H. Allen,* for petitioner.

*Riley L. Crane,* Prosecuting Attorney, for the people.

MONTGOMERY, J.  Petitioner was prosecuted in the Saginaw circuit court for a violation of the provisions of section 2 of Act No. 200 of the Public Acts of 1895.  He has sued out a writ of *habeas corpus,* and contends that the act in question is unconstitutional.  Two grounds are urged: *First,* that the title is too narrow and restricted to admit of incorporating the provisions of section 2 of the act; and, *second,* that the provisions of section 5 of the act violate the provisions of section 31 of article 6 of the Constitution, which prohibits the imposition of excessive fines, for the reason that no maximum fine is fixed, the provision of the statute being that a person found guilty shall be punished by a fine of not less than $100, together with the costs of prosecution, and, in default thereof, shall be confined in the county jail until such fine and costs be paid, not exceeding thirty days.

1. The title of the act is, "An act for the protection of fish in the Saginaw river and its tributaries, and to repeal act number thirty-one of the Public Acts of 1893." Section 2 reads that "it shall not be lawful for any person or persons to set, place, or use any pound, trap, stake, gill, or set nets or seines, or any device of any kind, for taking fish in any of the tributaries of the Saginaw river." It is contended that the title gives no intimation of a purpose to entirely prohibit fishing in the tributaries of the Saginaw.  We need not consider whether, if section 2 were to be construed as an entire prohibition of fishing, it would be within the title of the act, as it is our view that it was not intended by this section to prohibit fishing with hook and line.  The term "device" may be broad enough to cover hook and line, but, when read in connection with the other words of the section, it must be construed to mean a device of a like kind.  By section 1 it is made unlawful to use any pound, gill, trap,

stake, or set net or seine, or any *like* device, for taking or catching fish in that part of the Saginaw river described in this section. The word "like" was omitted in section 2, evidently through an inadvertence, but a rule of construction supplies it. See End. Interp. Stat. § 405 *et seq.*; *Roberts* v. *City of Detroit*, 102 Mich. 64. Again, section 4 provides that it shall not be lawful to use any drive or trammel for the purpose of catching or taking fish in the waters of the Saginaw river or its tributaries. Had the provision of section 2 been intended to exclude absolutely fishing in the tributaries, it would have been unnecessary to incorporate any reference to the tributaries in this section.

2. There is no express constitutional requirement that the legislature shall, in enacting penal statutes, fix the maximum penalty. It is true that this is generally done, but, when it is not done, the power to impose a fine is limited by the constitutional provision that excessive fines shall not be imposed. The only case to which our attention has been directed in which the constitutionality of a statute fixing the minimum and not the maximum punishment has been considered is *Frese* v. *State*, 23 Fla. 267. In a well-reasoned opinion the constitutionality of such a statute is maintained, and it is pointed out that the precise penalty is not usually fixed in a penal statute, but, where there is a constitutional provision that excessive fines shall not be imposed, the statute is to be read in connection with it, and such constitutional provision limits the power of the court which administers the law.

We think the act in question is not subject to either objection urged.

The prisoner will be remanded.

The other Justices concurred.