### J. B. STANFEAL, EX PARTE.

1. EFFECT OF FAILURE TO PROVIDE A MAXIMUM PENALTY.

     Failure to provide maximum penalty does not render unconstitutional an act making barbering on Sunday a misdemeanor.

2. NATURE OF REMEDY FOR RELIEF FROM COMMITMENT FOR FINE.

     The remedy of one committed for a misdemeanor, and denied the right to secure payment of the fine and costs imposed, is in a proceeding in error and not by habeas corpus.

     [For other cases in point, see 3 Cyc. Dig., "Criminal Law and Practice," § 1048; 4 Cyc. Dig., "Fines," §§ 63-65; 5 Cyc. Dig., "Habeas Corpus," § 78.—Ed.]

3. DIRECTING MAYOR TO AMEND MITTIMUS.

     It is not error on habeas corpus to direct a mayor to amend his mittimus by providing that a fine and costs may be secured to be paid.

ERROR to Hamilton common pleas court.

**C. F. Williams**, for plaintiff in error.

**Bates & Meyer**, contra.

**GIFFEN, J.**

J. B. Stanfeal was convicted under Lan. Rev. Stat. 10754 (B. 7033-1), of barbering on Sunday, and sentenced to pay a fine of $15 and costs. It is urged that by the commitment he is denied the right to secure the fine and costs to be paid, as provided by Rev. Stat. 1846 (Lan. 3380; B. 1536-793). While it is true that this omission makes the penalty more oppressive than is warranted by statute, yet it is only an irregularity which may be corrected by proceedings in error, but not by *habeas corpus*. *Van Hagan, Ex parte*, 25 Ohio St. 426.

Laning Rev. Stat. 10754 (B. 7033-1) is not unconstitutional and void, because of the failure to provide therein a maximum penalty. The power of the court in administering the law is limited by Sec. 9, Art. I of the constitution of the state. *Frese* v. *State*, 23 Fla. 267 [2 So. Rep. 1]; *Yell, In re*, 107 Mich. 228 [65 N. W. Rep. 97].

Where a person is convicted under Lan. Rev. Stat. 10754 (B. 7033-1), and ordered to be committed until the fine imposed and costs taxed are paid or he be otherwise discharged according to law, it is not error on habeas corpus to direct the mayor issuing the process to amend the mittimus by providing that the fine and costs may be secured to be paid. *People* v. *Kelly*, 97 N. Y. 212; *Harris, In re*, 68 Vt. 243 [35 Atl. Rep. 55].

Judgment affirmed.

**Swing** and **Smith, JJ.**, concur.