7769

STATE v. ABBOTT.

SENTENCE.—A Circuit Judge has no power to suspend a sentence on conditions after it is pronounced. A sentence so suspended may be enforced after the limitation of the time of imprisonment in the first instance. That the punishment for the crime in question had been changed since the sentence does not affect such case.

Before W. B. GRUBER, Special Judge, Spartanburg, September, 1910. Affirmed.

Rule against Ed L. Abbott and Frank Dearman to show cause why suspended sentence should not be enforced. From order enforcing sentence, defendants appeal.

*Messrs. C. P. Sims* and *H. E. DePass,* for appellants, cite: *Can the Court impose a sentence, suspend it and then enforce it after expiration of time within which it should have been served?* 64 N. W. 939; 45 N. W. 898; 33 Pac. 620; 33 Mich. 296; 122 Mass. 317; 62 N. W. 177; 104 Ga. 509; 91 Am. St. R. 143; 60 At. 893; 95 Am. St. R. 230, 853; 19 L. R. A., N. S., 1042; 23 L. R. A. 856. *Can the defendants complain after accepting clemency of the Court?* 62 N. W. 177; 21 N. E. 563; 26 N. E. 651; 27 L. R. A. 625. *Defendants can only be sentenced according to amended act:* 58 S. C. 111; 2 Rich. L. 418; 30 S. C. 105; 47 S. C. 174; 49 S. C. 316. *The offense of gambling is now exclusively within jurisdiction of magistrate court:* 30 S. C. 105; 14 S. C. 346; 6 S. C. 464; 26 S. C. 121.

*Solicitor J. C. Otts,* contra, cites: *Courts have power to suspend sentence on terms:* 141 N. Y. 288; 65 N. H. 183; 115 N. C. 760; 68 Miss. 251; 26 Fla., 310; 114 S. W. 477; 106 N. Y. 925; 118 Cal. 332; 97 Pac. 188; 75 N. H. 402; 74 At. 875. *Sentence may be imposed some time after conviction:* 32 S. C. 14; 70 S. C. 400. *Court retained juris-*

*diction of defendants:* 18 S. E. 437; 143 Mass. 211; 11 N. J. L. 133.

February 2, 1911.  The opinion of the Court was delivered by

MR. JUSTICE WOODS.  Under a plea of guilty to an indictment for gaming against the defendants, Ed L. Abbott and Frank Dearman, the following sentence was imposed by the Hon. R. O. Purdy, presiding Judge, at the July term of the Court of General Sessions for Spartanburg county: "It is the sentence and judgment of the Court that the defendants, E. L. Abbott and Frank Dearman, do each pay a fine of sixty dollars, and do each perform hard labor upon the public works of Spartanburg county for one year, or each be imprisoned in the jail of said county, or the State peniteniary, at hard labor, for one year.  Upon the payment of the fine imposed above this sentence will be suspended, as to either or both defendants paying their fines, respectively, as to imprisonment, during the good behavior of the defendants, respectively."

The defendants paid the fines imposed and have since been at large.  In July, 1910, orders were made by Hon. W. B. Gruber, Special Judge, reciting that it had been made to appear to the Court that the defendants had violated the terms on which the sentence of imprisonment was suspended and requiring the defendants to show cause "why the stay as to the sentence heretofore imposed should not be revoked and said sentence fully enforced."  By their return the defendants first took the position that there was nothing before the Court to show that they had violated the condition on which the sentence had been suspended. Thereafter the Court took testimony tending to prove that the defendants, since the sentence was imposed, had again violated the statute against gambling.  As a further return and as a ground for arrest of judgment, the defendants took the position that Judge Purdy had no authority to

suspend the sentence during good behavior and that the effect of his attempt to exercise such power and the failure to enforce the sentence of imprisonment in consequence of such attempted suspension was to make the sentence void and leave the Court powerless to enforce it at this time.

Critical comment on the numerous cases decided in the several States on the subject of the extent of the power of the trial Court to suspend a sentence imposed on a convict would not be enlightening. They are irreconcilable in their reasoning and conclusions. Some Courts hold that under the common law the trial Court has the power to suspend a sentence imposed, whenever, in the opinion of the Court, the ends of justice would be promoted by the suspension, and that this power is unaffected by the constitutional provisions vesting the pardoning power in the governor and requiring that the several departments of the government shall be independent of each other. *People* v. *Court of Sessions of Monroe County,* 141 N. Y. 288, 23 L. R. A. 856; *Weber* v. *State,* 58 Ohio St. 616, 41 L. R. A. 472. Other Courts deny that the Judge of a trial Court possesses such discretionary power to suspend sentence unless the power be conferred by statute. *Gray* v. *State* (Ind.), 8 N. E. 16; *Miller* v. *Evans* (Iowa), 91 Am. St. 143; *Neal* v. *State* (Ga.), 30 S. E. 858; *In re Markuson* (N. D.), 64 N. W. 939; *In re Webb* (Wis.), 46 Am. St. 846; *United States* v. *Wilson,* 46 Fed. 748; *People* v. *Barrett* (Ill.), 63 L. R. A. 82.

The Supreme Court of the United States, in *Pointer* v. *U. S.,* 151 U. S. 419, referred to the question, but in the following language reserved its opinion: "It is necessary, however, in order to avoid any misapprehension, to say that this Court must not be understood as expressing any opinion upon the question suggested by the words of that order, whether a Court of the United States, in the absence of authority conferred by statute, has the power, after passing sentence in a criminal case, to suspend its execution

indefinitely, and until the Court in its discretion removes such suspension. A decision of that question is not necessary to the disposition of this case upon its merits."

It seems to us clear that trial Courts had no such general and unlimited power at common law. The common law rule is thus stated by Blackstone: "A reprieve, (from *reprendre,* to take back), is the withdrawing of a sentence for an interval of time whereby the execution is suspended. This may be, first, *ex arbitrio judicis,* either before or after judgment; as where the Judge is not satisfied with the verdict, or the evidence is suspicious, or the indictment is insufficient, or he is doubtful whether the offense be within clergy; or sometimes, if it be a small felony, or any favorable circumstances appear in the criminal's character, in order to give room to apply to the crown for either an absolute or conditional pardon. These arbitrary reprieves may be granted or taken off by the justices of gaol delivery, although their session be finished and their commission expired; but this rather by common usage than of strict right." 4 Blackstone Com. Ch. XXXI; 2 Hale's P. C. 412. At common law there was no appeal; the trial Court had no power to grant new trials in cases of treason and felony, and the punishments were often by branding or other physical infliction; and hence the temporary suspension of the sentence which would otherwise be fully suffered was necessary, to the end that the convict might not suffer the penalty without having an opportunity to apply for pardon or other relief provided by law. On this principle of implied power arising from necessity, it was held in this State to be within the power of the Court to postpone until the next term of the Court the imposition and execution of the sentence of burning in the hand provided by law, so that the convict might apply to the governor for a pardon. *State* v. *Frink,* 2 Bay, 168. But the common law power to suspend sentence has been expressly held in this State to be limited by this principle of necessity, as having

application only to cases where but for a suspension the convict would irretrieveably lose some legal right. *State* v. *Chitty,* 2 Bailey, 379.

Beyond the common law and under the statute law allowing new trials, there can be no doubt that the trial Court may in its discretion suspend a sentence which a convict has not commenced to serve, pending a motion for a new trial either on the minutes of the Court or on after discovered evidence. This is on the principle that under the statute the sentence is imposed subject to the power of the Court to grant a new trial, and the power of suspension of the sentence is incidental to the power to set aside the conviction and the sentence and to order a new trial. It is important to observe, however, that the exercise of this power is not demandable as a matter of course on notice of a motion for a new trial. On the contrary, the power is discretionary and to be exercised with great caution and only where, pending the hearing of the motion for a new trial, a *prima facie* showing is presented of merit in the motion and of serious hardship to be expected as a result from a refusal to grant the stay. The necessity and propriety of great caution in the exercise of this discretionary power follows from the consideration that the solemn judgment of a court after a jury trial should not be suspended except for cogent reasons.

Attempts by Courts to suspend the execution of sentence, or to postpone sentence beyond what is necessary to preserve the legal rights of the convict or to make effective the power of the Court to relieve from hardship pending a motion for a new trial, are violative of the Constitution as well as the statute law of the State. It is a function of the legislative branch of the government to affix punishment to conviction of crime subject to the pardoning power of the governor. The legislative power to set punishment for crime is very broad, and in the exercise of this power the General Assembly may confer on trial Judges, if it sees

fit, the largest discretion as to the sentence to be imposed,— as to the beginning and end of the punishment and whether it should be certain or indeterminate or conditional. But when the General Assembly provides punishment, the trial Court cannot set the provision aside. For example, the statute has affixed the penalty of death to conviction without recommendation to mercy of the crimes of murder and rape, and the Court is obliged to sentence the convict to death. So, also, if the statute provides that the punishment of some other crime shall be imprisonment in the discretion of the Court for not less than six months nor more than twelve months, the Court must on conviction actually impose a sentence of imprisonment for not less than six months, to be actually suffered, not to be suspended. Is it not perfectly obvious that when the Court undertakes to suspend such a sentence either during good behavior or at its own discretion, it really refuses to enforce the statute unless it shall at some future time conclude that it is proper to do so? Is it not equally obvious that the power to exercise discretion as to the enforcement of the penalty provided by law and pronounced by the Court is lodged exclusively in the governor? The question at issue is unaffected by the fact that punishment for certain crimes is within the discretion of the trial Judge. Discretion in the imposition of sentence is a very different thing from discretion in the enforcement of a sentence. Discretion of the one kind the statute confers, but discretion of the other kind the Constitution and the statutes withhold.

It is true that in the case of *Ex parte Bond,* 9 S. C. 80, it was held, contrary to the conclusion of the Supreme Court of the United States in *Ex parte Lange,* 18 Wall. 163, that if the trial Court imposed a sentence in excess of that provided by the statute the error could be corrected only by appeal. But the case of *Ex parte Bond* is not this case. There the Court, having the power to sentence, merely made a mistake in the degree of punishment; here

the Court in passing sentence exhausted its power, and undertook to exercise an entirely different power for which it had no legal warrant, the power to make the sentence inoperative. In the one case the imposition of the excessive sentence was a mere error of law to be corrected as other like errors, by appeal; in the other, the attempt to suspend the sentence was a nullity because suspension of a sentence under conditions was without any foundation in judicial power.

In this case the sentence was not suspended on the ground that such action was necessary to the preservation of any legal right of the defendants, or because of the pendency of a motion for a new trial, but merely as an act of clemency to the defendants; and it follows that the attempt to suspend was beyond the authority of the Court and without legal effect. The result is that the sentence must be regarded as legal and valid and the clause of suspension mere surplusage having no force.

The remaining question is whether the Court was without power to enforce the sentence after the expiration of the one year for which the convicts would have suffered imprisonment had they not been illegally set at large under the suspension clause. As the point has not been decided in this State, and the views of the Courts of other States are irreconcilable, we are entirely free to adopt the rule which seems to us logical and reasonable. Some cases hold, that, the sentence not being legally stayed by the attempt to suspend, it begins its operation when it is pronounced and ends when the time of imprisonment therein mentioned has expired, although no imprisonment be suffered. *In re Webb* (Wis.), 46 Am. St. 846; *In re Markuson* (N. D.), 64 N. W. 939.

The rule insisted on by some other Courts is that the Court loses jurisdiction after it has discharged the prisoner, although the discharge was in violation of the Constitution and statute law of the State. *United States* v. *Wilson*

(Idaho), 46 Fed. 748; *Grundel* v. *People* (Col.), 108 Am. St. 75; *People* v. *Barrett* (Ill.), 63 L. R. A. 82.

The reasoning of the cases first cited we think sophistical, because it rests upon the false assumption that a sentence necessarily begins to run and to be satisfied the moment it is pronounced. The execution of a sentence may be postponed by appeal, by escape and by other causes, but the time of delay in the execution is not counted as a part of the time of imprisonment fixed by the sentence. No more can the delay due to the release of the convict under a void order of the Court attempting to suspend the sentence be so counted. The sentence is satisfied, not by the lapse of time after it is pronounced, but by the actual suffering of the imprisonment imposed by it. The rule is that jurisdiction remains in a Court to enforce its valid judgments according to law against those who are parties to them,—*O'Dyer* v. *Kelly* (Ga.), 67 S. E. 106; *Ex parte Moore* (Cal.), 107 Pac. 129,—and therefore we think the reasoning in the second class of cases also unsound. This conclusion is supported by high authority. The following cases hold that, as the attempt to suspend was of no effect, the sentence is not satisfied until it has been actually suffered. *Neal* v. *State* (Ga.), 30 S. E. 858; *Gray* v. *State* (Ind.), 8 N. E. 16; *Miller* v. *Evans,* 91 Am. St. 143 (Iowa); *State* v. *Cockerham,* 24 N. C. 204.

The appellants further contend that, even if this conclusion be correct, the sentence of one year's imprisonment cannot now be enforced against them for the reason that, since the sentence was pronounced, the punishment for gaming has been reduced by statute. This position would be sound if the Court were now called upon to pass sentence upon the defendants; but that is not the case. Judge Gruber had no power to pass sentence or to change the sentence which had been pronounced by Judge Purdy. All that Judge Gruber could do and all that he attempted to do was to enforce the sentence which had been imposed by

Judge Purdy. The statute did not purport to affect sentences already pronounced.

The Court is not unmindful that a case might have arisen in which hardship would have resulted from holding that an attempt of the Court to suspend a sentence already pronounced was without authority and of no effect. Fortunately no hardship results in this case, for the evidence taken in the mayor's court, which was before Judge Gruber, showed clearly that the defendants had been caught gambling and had thus violated the condition upon which Judge Purdy had attempted to suspend the sentence.

It is the judgment of this Court that the judgment of the Circuit Court be affirmed.