## 10367

### STATE v. BREUER.
### (102 S. E. 15.)

1. CRIMINAL LAW—PENALTY DOES NOT DISTINGUISH FELONY FROM MISDEMEANOR.—The penalty for an offense by itself does not always fix the character of the offense as between felony and misdemeanor.

2. BIGAMY—CRIMINAL LAW—SENTENCE FOR BIGAMY CANNOT BE SUSPENDED, IT BEING A "FELONY."—Bigamy is a "felony," sentence for which, therefore, by provision of act February, 1912 (27 St. at Large, p. 773), cannot be suspended by the Court, it having been a felony at common law, and having been expressly declared such by the act of 1712 (2 St. at Large, p. 508), and such character, therefore inhering in it till it is changed by express words or by necessary implication of a later statute; the mere failure of the codifiers, from 1872 down, to carry forward in their works the prior legislative declaration, not being enough to reduce the offense to a misdemeanor.

Before MEMMINGER, J., Charleston, Summer term, 1919. Reversed.

A. L. Breuer was prosecuted for bigamy. From so much of the judgment, on a conviction, as suspended sentence, the State appeals.

*Solicitor Thomas P. Stoney* and *Paul M. McMillan, Esq.,* for State, appellant. *Solicitor Stoney* submits: *A Circuit Judge has no power to suspend a sentence in cases of felony such as bigamy:* Criminal Code, sec. 381; Acts of 1912, p. 773. *Bigamy is a felony:* 2 Rich., p. 220; Constitution of 1895, article II, sec. 6.

*Mr. B. H. Matthews,* for respondent.

January 27, 1920.

The opinion of the Court was delivered by MR. JUSTICE GAGE.

Upon a verdict of bigamy the Court pronounced this judgment:

"Let the defendant, A. L. Breuer, be imprisoned at such labor as he can perform in the county jail, at Charleston

county, for a period of six (6) months and pay a fine of five hundred ($500) dollars. That the above sentence be suspended during good behavior upon the payment of two hundred ($200) dollars."

The only issue made by the State's appeal is that the Court had no power to add the "suspension" to the judgment. The statute expressly provides that the power and authority to suspend shall not extend to cases of felony. 27 St. at Large 773. So the primary issue to be decided is the character of the offense of bigamy; is it felony, or is it misdemeanor?

It would be fruitless to follow up at length the origin and meaning of the word "felony;" it is sufficient to say that the full ancient meaning of the word no longer attaches to it. By the common law the penalty for felony was death, and the confiscation of the estate of the felon. Bishop, sec. 615. In time the character of felony became modified, so that now the chief difference betwixt felony and misdemeanor consists in procedure. See Ency. Brit., vol. X, p. 244.

"The question whether a particular offense is felony or misdemeanor can be answered only by reference to the history of the offense, and not by any logical test." Same authority.

A statute may define felony; in some jurisdictions so much is true, but there exists no such statute in this State, so "we look into the books upon common law crimes, and see what was felony and what was not under the older laws of England." 1 Bish., sec. 616. An offense may be misdemeanor by express words of a statute, yet with penalties attached which are more often attached to felonies. And statutes have expressly made other offenses to be felony which before such were misdemeanors only. Those offenses are, of course, felonies which are by statute expressly declared to be such.

The penalty for an offense by itself does not, therefore, always fix the character of the offense to be felony or mis-

demeanor.   By the statutes of 1712 of this State bigamy was expressly declared to be a felony (2 St. at Large, 508) ; and it was so adjudged by the Courts.   *State v. Barefoot,* 2 Rich. 220.   The failure of the codifiers, from 1872 down, to carry forward into those works the prior legislative declaration, does not reduce the offense from felony to misdemeanor.   See *State v. Rowe,* 8 Rich. 17.

When bigamy was expressly declared by statute to be felony, that character inheres in it until the same is changed by express words or by necessary implication of a later statute.   The offense was a felony at the common law (4 Blackstone 464), and for that reason its character inheres in it until the legislature declares the contrary.

So much of the judgment as undertakes to suspend the sentence is reversed.