12953

## McGAHA v. BEACHAM, MAYOR, ET AL.

(154 S. E., 166)

*Messrs. A. H. Dagnall* and *Harold Major,* for appellants,

*Mr. H. C. Miller,* for respondent.

July 18, 1930.

The opinion of the Court was delivered by Mr. Acting Associate Justice C. T. Graydon.

The petitioner, Sloan McGaha, was arrested by an officer of the town of Honea Path on the 4th day of March, 1930, and charged with the crime of vagrancy. He was tried before the mayor of the town, found guilty and sentenced to serve 30 days at hard labor upon the public works of Anderson County. The mayor of Honea Path who tried the case did not require the defendant to begin service of said sentence, but attempted to suspend the sentence, provided the defendant would secure work and employment.

On the 29th day of March, 1930, one Smith, a policeman of the town of Honea Path, rearrested petitioner, and without carrying him before the mayor, conveyed him to the public works of Anderson County to serve the sentence of 30 days imposed upon him on March 4, 1930.

Petitioner, Sloan McGaha, then applied to Hon. M. L. Bonham, presiding Judge of the tenth judicial circuit, for a writ of *habeas corpus,* which was duly allowed by the circuit Judge. The town of Honea Path made return to the writ alleging that the petitioner had been sentenced on the 4th day of March, 1930, and the sentence had been suspended upon the conditions as above set forth, that the defendant had later been rearrested for not securing employment, and the original sentence ordered enforced. The matter was heard before Judge Bonham who filed an order on April 7, 1930, discharging petitioner from custody on the ground that he had not been given a trial as to the breach of the condition of the suspended sentence, basing his decision upon the case of *State v. Renew,* 136 S. C., 302, 132 S. E., 613.

Clearly, if the mayor had the right at the outset to suspend the sentence in question under the case cited by the learned Circuit Judge, he could not have rearrested the defendant and executed the original sentence without another

hearing in the matter. The question in this case is whether the mayor had authority to suspend a sentence in the absence of power granted by a state statute or a city ordinance.

At common law, Circuit Judges had no power to suspend a sentence. *State v. Abbott,* 87 S. C., 466, 70 S. E., 6, 33 L. R. A. (N. S.), 112, Ann. Cas., 1912-B, 1189.

The legislature gave to Circuit Judges the power to suspend sentences in cases of misdemeanor by an Act passed in 1912, now Section 128, Vol. 1, Code of Criminal Procedure, 1922.

Circuit Judges now have no authority to suspend a sentence in the case of a felony, and the proper remedy upon a Circuit Judge attempting to suspend a sentence in the case of felony is to move for the execution of the sentence. *State v. Breuer,* 113 S. C., 177, 102 S. E., 15.

There is no statute giving municipal Courts authority to suspend sentences, and the town of Honea Path has not conferred this authority upon its mayor by proper ordinance.

It, therefore, follows that the attempt on the part of the mayor to suspend the sentence of Sloan McGaha was beyond his power and was, therefore, null and void.

It is the judgment of this Court that the judgment of the Circuit Court be and the same is hereby reversed, and that the case be remanded to the Circuit Court for Anderson County for the purpose of enforcing the sentence heretofore imposed.

MESSRS. JUSTICES COTHRAN, BLEASE, STABLER and CARTER concur.