14914

SINGLETARY v. WILSON, SUPERINTENDENT OF PENITENTIARY

(3 S. E. (2d), 802)

154

November, 1938.

*Mr. C. S. Bowen,* for appellant,

*Messrs. John M. Daniel, Attorney General, J. Ivey Humphrey* and *M. J. Hough, Assistant Attorneys General,* for respondent,

July 11, 1939.

The opinion of the Court was delivered by MR. JUSTICE FISHBURNE.

Appellant, Singletary, was convicted in Anderson County on an indictment charging forgery under Section 1211, 1932 Code, which provides that one found guilty of forgery "shall be sentenced to be imprisoned not less than one year nor more than seven years, and also to pay such fine as may be judged expedient, at the discretion of the Judge who may try the case: Provided, That if the amount obtained or sought to be obtained upon the forged instrument be less than twenty ($20.00) dollars, the punishment shall be within the discretion of the Judge."

The amount involved in the forgery exceeded twenty dollars, and Singletary was sentenced to serve a term of six years in the penitentiary, and to pay a fine of $300.00. The judgment was affirmed by this Court in *State v. Singletary*, 187 S. C., 19; 196 S. E., 527, and the appellant was regularly committed to the State Penitentiary.

Respondent is the Superintendent of the South Carolina State Penitentiary at Columbia, and the relator or appellant, being in his custody, applied for a writ of habeas corpus which was made returnable before the Circuit Court of Richland County. After a full hearing was had in that Court before Honorable A. L. Gaston, an order was filed denying the writ, discharging the rule, and remanding the plaintiff to the penitentiary for the service of his sentence.

The substantial question involved in this appeal is whether the quoted portion of Section 1211 is constitutional. Appellant asserts that this section of the Code under which he was indicted, tried, convicted and sentenced, is unconstitutional and void because there is no limit to that part of the sentence which provides for the imposition of a fine. The

punishment provided for a violation of Section 1211, as will be observed, limits the imprisonment to seven years, and leaves to the discretion of the trial Judge the amount of the fine to be imposed.

There is no express constitutional requirement that the Legislature shall in enacting penal statutes fix the maximum penalty. No doubt can be entertained of the power of the Legislature to define what acts shall constitute criminal offenses, and what penalties shall be inflicted on offenders, and generally to enact all laws deemed expedient for the protection of public and private rights and the prevention and punishment of public wrongs; the expediency of passing such laws being a matter of which the Legislature is the proper judge, when not restrained by the organic law of the State or by the Federal Government. Its power must be exercised within the bounds of the Constitution. When so exercised its will is absolute.

It is generally the case that in enacting penal statutes the Legislature fixes and designates a maximum penalty, but when it is not done, the power to impose a fine is limited by the constitutional provision that excessive fines shall not be imposed. Article I, Section 19, South Carolina Constitution, 1895. It is also true that many penal statutes have been enacted and are in force in this State which allow the exercise of discretion by the Court within prescribed limits, and that such statutes fix the minimum and the maximum penalty.

But this must not be taken to mean that the General Assembly may not constitutionally vest the Courts with discretionary power in determining the amount of a fine as a penalty for crime where the Act itself prescribes no limit. In our opinion, this may be done by the Legislature without its being open to the charge of delegating power unconstitutionally, and without doing violence to our constitutional system of government which keeps separate and apart the legislative, the executive, and the judicial departments.

By analogy it might be argued that a statute is unconstitutional as invading the pardoning power of the Governor, because it confers upon a Court the power to suspend a sentence in the discretion of the Court.

In *State v. Abbott,* 87 S. C., 466, 70 S. E., 6, 33 L. R. A., N. S., 112, Ann. Cas., 1912-B, 1189, the Court, in holding a suspended sentence during good behavior to be invalid, stated in substance that it was within the power of the Legislature to give a wide discretion to a trial Court in imposing a sentence, and to grant authority to a trial Court to impose a conditional sentence, but that the Legislature had not granted to the trial Court such discretion or authority. This case was relied on as an authority in a later case sustaining the validity of a suspension of a sentence on a condition in conformity with a statute. *State v. Teal,* 108 S. C., 455, 95 S. E., 69.

"It seems to be generally conceded that the levy of ■ punishment, when the accused is found guilty by by the jury, can be left to the Court, subject to the constitutional inhibition that the punishment shall not be cruel and unusual." *Bracy v. Commonwealth,* 119 Va., 867, 89 S. E., 144, 145.

There are numerous cases holding that the failure of a statute to fix a maximum fine does not render it unconstitutional under a provision forbidding excessive fines. *Frese v. State,* 23 Fla., 267, 2 So., 1; *Re Yell,* 107 Mich., 228, 65 N. W., 97; *Re Hallawell,* 8 Cal. App., 563, 97 P., 320; 16 C. J., Sec. 3202, Page 1359; Note, 114 A. L. R., 1126.

In an offense, such as forgery, the gravity of the of- ■ fense is often materially affected by the amount involved and the aggravation of the circumstances, and the measure of the punishment therefor is necessarily influenced by numerous factors. And for this reason, among others, the Legislature doubtless decided that the maximum amount of the fine to be imposed should rest, under the

circumstances in each case, within the sound discretion of the trial Court.

It necessarily follows that the discretion of the trial Court in its determination of the amount of the penalty, where the maximum amount of the fine is not fixed by the statute, must be subject to be reviewed on appeal to this Court, if clearly abused, under Article I, Section 19 of the Constitution, which not only forbids the infliction of cruel and unusual punishment, but forbids the imposition of excessive fines.

We regard this constitutional restriction as an admonition not confined to the Legislature alone, but intended to embrace the Legislature and the judiciary.

It is argued by the appellant that this Court is definitely committed to the doctrine that the constitutional provision menioned above is a limitation on the Legislature and not on the judiciary, because in several cases the Court has held that it has no power to review a lower Court judgment where the sentence imposed is within the limits prescribed by statute. And he cites *State v. Johnson,* 159 S. C., 165, 156 S. E., 353; *State v. Sanders,* 68 S. C., 192, 47 S. E., 55; *State v. Sheppard,* 54 S. C., 178, 32 S. E., 146.

The last pronouncement by this Court upon the subject is contained in the *Johnson case,* in which it is clearly held that the exercise of discretion by the trial Court will not be interfered with unless it is manifestly abused. And substantially to the same effect is *State v. Sheppard, supra.*

As is pointed out in the Circuit Court order, in many sections of the Code this discretionary power as to the sentence which may be imposed by the Court is conferred upon the trial Court, among them, Sections 1154, 1167, 1175, 1177, 1180, 1206, 1209, and 1517.

Judgment affirmed.

MR. CHIEF JUSTICE STABLER, MESSRS. JUSTICES BONHAM and BAKER and MR. ACTING ASSOCIATE JUSTICE G. DEWEY OXNER concur.

Mr. Justice Carter did not participate on account of illness.