## 15556

*EX PARTE:* MOORE v. PATTERSON, ACTING SUPERVISOR OF
ANDERSON COUNTY

*IN RE:* STATE v. MOORE

(26 S. E. (2d), 319)

September, 1943.

*Mr. Henry Campbell Miller,* of Anderson, S. C., appeared as Counsel for Petitioner.

*Mr. Rufus Fant, Solicitor,* of Anderson, S. C., as Counsel for The State,

July 3, 1942.

CIRCUIT JUDGE E. H. HENDERSON, ACTING ASSOCIATE JUSTICE, delivered the unanimous opinion of the Court:

This case involves the construction of Section 1038-1 of the Code, relating to the suspension of sentences and the placing of defendants on probation.

In November, 1941, Calvin Moore plead guilty to an indictment charging him with a felony and he was sentenced by his Honor, Judge G. Duncan Bellinger, to three years' imprisonment. The sentence provided that upon the service of one year the balance should be suspended and the defendant placed on probation for a period of three years.

After having served seventy per cent. of the one year set out in the sentence, he sought release through habeas corpus proceedings upon the ground that he was then entitled to a credit of thirty per cent. of one year for good behavior. He was a first offender, and his behavior as a prisoner had been good.

The supervisor in his return contended that the petitioner would not be entitled to a release until the service of the full one year, without any reduction therefrom for good behavior; and he also contended that the suspension provision of the sentence of Judge Bellinger was without authority of law,

and that before the petitioner would be entitled to his release he should be required to serve three years, less any proper credit for good behavior.

The application for release was heard by his Honor, Judge G. B. Greene, who passed an order remanding the petitioner to the custody of the supervisor to serve the remainder of the one year; and also holding that he was entitled to a release from custody at the end of such year.

From this order both parties have appealed.

The appeal of the petitioner is disposed of by the two recent cases of *Thompson v. Patterson,* 201 S. C., 221, 22 S. E. (2d), 590; and *Nichols v. Patterson,* 202 S. C., 533, 25 S. E. (2d), 745, filed May 24, 1943, which clearly hold that the reduction for good behavior provided by Section 1578 of the Code must be made at the end of the sentence.

Taking up now the appeal of the supervisor, his contention is that the Circuit Judge should have held that the suspension and probation part of the sentence of Judge Bellinger was a nullity, since he had no authority to require the sentence to be put into execution with a provision that after the service of a portion the balance should be suspended and the defendant placed on probation. He insists that under the probation and parole Act, if the Circuit Judge suspends any part of the imprisonment, he must suspend all of it before placing a defendant on probation; and says that the suspension provision of the sentence being void, the remaining language of it required imprisonment for a term of three years.

The question then is: Can a Circuit Judge impose a sentence of imprisonment in a case of this sort and provide in it that after the defendant shall have served a part of the time he be placed on probation for the remainder of the term?

It is clear that trial Judges had no general and unlimited power at common law to suspend sentences, but such authority may be conferred upon them by

the General Assembly. *State v. Abbott,* 87 S. C., 466, 70 S. E., 6, 33 L. R. A. (N. S.), 112, Ann. Cas., 1912-B, 1189.

The *Abbott case* was decided in 1911. The following year the General Assembly enacted a statute, now appearing as Section 1039 of the Code, giving to Circuit Judges the power, in cases involving misdemeanors, in their discretion to suspend sentences imposed by them, upon such terms and conditions as in their judgment may be fit and proper. The statute itself provides that this authority shall not extend to cases of felony, and this is emphasized by the case of *State v. Breuer,* 113 S. C., 177, 102 S. E., 15.

In 1918 this Court approved the action of the trial Judge in the case of *State v. Teal,* 108 S. C., 455, 95 S. E., 69, in which a sentence of three years was given for seduction, a misdemeanor, suspended upon the service of eighteen months and the payment of certain sums of money for the support of the child.

In the case of *Singletary v. Wilson,* 191 S. C., 153, 3 S. E. (2d), 802, the *Teal case* was referred to as one sustaining the validity of the suspension of a sentence on a condition in conformity with the statute.

Since the adoption of the statute and the decision in the *Teal case* the Circuit Judges of the State, in imposing sentences, have followed the practice in misdemeanor cases, where they felt it to be in accord with justice, of suspending during good behavior the execution of a part of a sentence of imprisonment.

In 1941 the legislature adopted the probation and parole Act, Sections 1038-1 to 1038-16 of the Code. The first section of this Act reads as follows: "After conviction or plea for any offense, except a crime punishable by death or life imprisonment, the judge of any court of record with criminal jurisdiction at the time of sentence may suspend the imposition or the execution of a sentence and place the defendant on probation or may impose a fine and also place the defendant on probation."

It will be noted that this Act extends the power to suspend sentences to a great many felonies, as well as misdemeanors.

In view of the long prevailing and approved practice in cases of misdemeanors, before the adoption of the probation law, it is our opinion that Section 1038-1, giving the trial Judges the power to suspend the execution of the entire sentence and to place the defendant on probation, is also intended to give them the right at the time of the sentence, to provide for a suspension of a part of such imprisonment and a placing of the defendant on probation, after serving a designated portion of the term of imprisonment.

The supervisor calls attention to certain cases in the Federal Courts which construe the Federal probation law, 18 U. S. C. A., § 724 *et seq.* In the only one cited from the Federal Supreme Court (*United States v. Murray*, 275 U. S., 347, 48 S. Ct., 146, 72 L. Ed., 309), the suspended sentences were not given at the time of sentence, but were given in subsequent orders after the prisoners had entered upon their service. Under our act the suspension must be ordered "at the time of sentence." Prior to the adoption of the Federal Probation Act the Courts of the United States had never been given authority to suspend sentences, in any cases, as our State Judges had by Section 1039 of our Code. *Ex parte United States*, 242 U. S., 27, 37 S. Ct., 72, 61 L. Ed., 129, L. R. A., 1917-E, 1178, Ann. Cas., 1917-B, 355. Again the two statutes are not precisely alike. Among other things, our act in Section 1038-3, provides that besides certain named conditions of probation the Court may impose "any other" condition.

In construing our own statute the primary purpose is to carry into effect the intent of the law makers. Having in mind the long-established rule under Section 1039 as to misdemeanors, we think that the General Assembly, in authorizing the suspension of sentences in cer-

tain felonies also, did not intend to limit the exercise of the discretion of the trial Judges, but intended that it be exercised as it had been for many years under Section 1039, by suspending sentences either in whole or in part.

Accordingly, all of the exceptions of both parties are overruled, and the order of the Circuit Judge is affirmed.

MESSRS. ASSOCIATE JUSTICES BAKER, FISHBURNE and STUKES, and CIRCUIT JUDGE T. S. SEASE, ACTING ASSOCIATE JUSTICE, concur.