18670

The STATE, Respondent, v. Robert Wayne GAMBLE, Appellant

(155 S. E. (2d) 916)

*Messrs. William H. Seals,* of Marion, and *Thomas E. Rogers, Jr.,* of Florence, *for Appellant,*

*Messrs. Daniel R. McLeod,* Attorney General, *E. N. Brandon,* Assistant Attorney General, of Columbia, and *T. K. Summerford,* Solicitor, of Florence, *for Respondent,*

July 5, 1967.

BRAILSFORD, Justice.

During the early evening of October 15, 1963, Robert Wayne Gamble broke and entered a dwelling occupied by an elderly widow and her mentally defective sister in a rural section of Marion County. He held the two women captive until the next morning. During the night he brutally beat the

sister and raped the widow a number of times. At his trial the evidence of his guilt was overwhelming. He was convicted of rape without recommendation to mercy and sentenced to death by electrocution, as required by Section 16-72, Code of 1962. "Any person convicted of rape * * * shall suffer death unless the jury shall recommend him to the mercy of the court in which event he shall be confined at hard labor * * * for a term not exceeding forty years nor less than five years. * * *"

This statute and the sentence imposed thereunder are challenged on the ground that the penalty of death upon conviction of rape "in a case where the victim of rape lives, amounts to cruel and unusual punishment as prohibited by Article I, Sections 5 and 19 of the Constitution of South Carolina, and as prohibited by the Eighth and Fourteenth Amendments of the Constitution of the United States."

The Constitution of the United States and those of most states prohibit the infliction of "cruel and unusual punishments." These provisions are primarily intended to proscribe inhuman or barbarous treatment. However, conventional punishment may be so grossly disproportionate to the offense committed as to be cruel and unusual in the constitutional sense. *State v. Kimbrough,* 212 S. C. 348, 46 S. E. (2d) 273. This is not such a case.

The crime for which Gamble has been sentenced to death by electrocution was of great atrocity. The record is barren of mitigating circumstances. The jury was fully justified in refusing to recommend mercy.

We entertain no doubt as to the constitutionality of the statute, which lawfully expresses the public policy of the State. *Moorer v. MacDougall,* 245 S. C. 633, 638, 142 S. E. (2d) 46. The wisdom of this policy is a legislative question, not a judicial one. *Singletary v. Wilson,* 191 S. C. 153, 3 S. E. (2d) 802.

Our conclusion that the death penalty for rape is not constitutionally cruel or unusual punishment is supported by

every decision on the point from other jurisdictions which has come to our attention. Chief Justice Duckworth wrote a strong and eloquent opinion for the Supreme Court of Georgia in *Sims v. Balkcom,* 220 Ga. 7, 136 S. E. (2d) 766, in which the court's reasons for this conclusion were fully expounded. *Sims* has been followed in several Georgia decisions, the latest of which is apparently *Massey v. State,* 222 Ga. 143, 149 S. E. (2d) 118. See also *Dutton v. State,* 123 Md. 373, 91 A. 417; *Craig v. State,* Fla., 179 So. (2d) 202, cert. denied, 383 U. S. 959, 86 S. Ct. 1221, 16 L. Ed. (2d) 301; *Siros v. State,* Texas, Cr. App., 399 S. W. (2d) 547; *Maxwell v. Stephens,* 348 F. (2d) 325 (8th Cir. 1965), cert. denied, 382 U. S. 944, 86 S. Ct. 387, 15 L. Ed. (2d) 353.

The appellant further contends that the statute is invalid because it offers no realistic choice to the jury in a rape case, such as is provided by the alternative of mandatory life imprisonment on conviction of murder with recommendation to mercy. This again is a question of policy within the control of the legislature. The appellant has no legitimate constitutional complaint on this ground.

Although no further points have been argued in the brief, *in favorem vitae,* we have searched the record with care for error which might have resulted in prejudice to the appellant and have found none.

Affirmed.

Moss, C. J., and LEWIS, BUSSEY and LITTLEJOHN, JJ., concur.