21513

Albert O. HENRY, Appellant, v. STATE of South Carolina, Respondent.

(280 S. E. (2d) 536)

*Appellate Defender John L. Sweeny* and *Asst. Appellate Defender Tara D. Shurling,* S. C. Commission of Appellate Defense, Columbia, *for appellant.*

*Atty. Gen. Daniel R. McLeod, Asst. Atty. Gen. William K. Moore* and *Staff Atty. Donald J. Zelenka,* Columbia, *for respondent.*

July 8, 1981.

LEWIS, Chief Justice:

This is an appeal from an order denying appellant's petition for post conviction relief.

Appellant pled guilty to thirty (30) counts of forgery and, although there was justifiable confusion as to the exact meaning of the sentences imposed, apparently the lower court has correctly construed the sentences to require service of seven (7) years on one indictment with corresponding seven (7) year concurrent sentences on all other indictments. The concurrent sentences, except the first, were suspended and appellant was placed on probation for five (5) years, with a condition that, in the event the probation was revoked, appellant would be banished from the State of South Carolina during the period of probation.

In this appeal, appellant sought relief from the alleged ambiguous sentences and also from the condition of probation requiring banishment from the State in the event of revocation of his probation. The construction placed by the trial judge on the sentence appears proper and is affirmed.

However, the trial judge was without authority to impose banishment from the State as a condition of probation, even if appellant agreed to the sentence. This portion of the sentence is therefore invalid. The fact that appellant has not yet violated his probation, so as to make active the banishment provision, does not deprive him of standing to attack the legality of that requirement in this post conviction proceeding. *State v. Gilliam*, 274 S. C. 324, 262 S. E. (2d) 923.

Affirmed in part and reversed in part, in accordance with the foregoing views.

LITTLEJOHN, NESS, GREGORY and HARWELL, JJ., concur.