22235

The STATE, Respondent, v. Roscoe James BROWN, Petitioner.
The STATE, Respondent, v. Michael BRAXTON, Appellant.
The STATE, Respondent, v. Michael T. BRAXTON, Roscoe J. Brown, and Mark Vaughn, of whom Mark Vaughn is, Appellant.

(326 S. E. (2d) 410)

Supreme Court

*Stephen John Henry,* Greenville, *for petitioner Brown.*

*Theo W. Mitchell* of *Mitchell, Smith & Pauling,* Greenville, *for appellant Braxton.*

*Glenn W. Thomason* of *Long, Thomason & Mullinax,* Anderson, *for appellant Vaughn.*

*Att. Gen. T. Travis Medlock* and *Asst. Atty. Gen. Harold M. Coombs, Jr.,* Columbia, and *Sol. George M. Ducworth,* Anderson, *for respondent.*

Heard Jan. 7, 1985.

Decided Feb. 13, 1985.

*Per Curiam:*

These cases involve attempts by three defendants to gain suspended sentences conditioned upon their completion of surgical castration. Petitioner Roscoe James Brown moves for the issuance of a writ of *mandamus* to compel the execution of the suspended sentence. Appellants Michael Braxton and Mark Vaughn seek dismissal of their appeals so that they too may have their suspended sentences carried out. At oral argument, counsel for all three defendants conceded that our disposition of these cases should be the same as to all of them. We hold that the suspension of the sentences conditioned upon castration is void and remand for resentencing.

Appellants Vaughn and Braxton and petitioner Brown pled guilty to first degree criminal sexual conduct, S. C. Code Ann. § 16-3-652 (Supp. 1983), in connection with a brutal sexual assault. Vaughn and Brown also pled guilty to criminal conspiracy. The trial judge heard evidence in aggravation and mitigation of punishment. Each defendant was then sentenced on the criminal sexual conduct charge as follows:

> On the indictments charging each of you with criminal sexual conduct in the first degree, the sentence of the Court is that you be confined in the custody of the State Board of Corrections for a period of thirty years, which is the maximum sentence I can impose, provided however, that upon each of you voluntarily agreeing to be castrated and upon the successful completion of that surgical procedure, the balance of this sentence will be suspended and you'll be placed on probation for a period of five years.

Vaughn and Brown were each given a five year concurrent sentence on the conspiracy charge, suspended upon the same condition imposed in the criminal sexual conduct sentence.

All three defendants appealed their sentences. However, before his appeal was docketed and on his own motion, Brown's appeal was dismissed. He then moved the lower

court to have his suspended sentence carried out. The trial judge ordered that Brown must wait until final disposition of the other two defendants' appeals.

After Brown filed the petition for writ of *mandamus* with this Court, Vaughn and Braxton requested that their appeals be dismissed so that they might choose castration and obtain suspended sentences and five years probation.

At common law, trial courts have no general power to suspend sentences, but such authority may be conferred by the legislature. *Moore v. Patterson*, 203 S. C. 90, 26 S. E. (2d) 319 (1943); *State v. Abbott*, 87 S. C. 466, 70 S. E. 6 (1911). The authority to suspend sentences in felony cases is contained in S. C. Code Ann. § 24-21-410 (1976), which states:

> After conviction or plea for any offense, except a crime punishable by death or life imprisonment, the judge of any court of record with criminal jurisdiction at the time of sentence may suspend the imposition or execution of a sentence and place the defendant on probation or may impose a fine and also place the defendant on probation.

Prior to the enactment of this statute, circuit judges had no power to suspend sentences in felony cases. *McGaha v. Beacham*, 157 S. C. 288, 154 S. E. 166 (1930); *State v. Breuer*, 113 S. C. 177, 102 S. E. 15 (1920).

Section 24-21-410 was intended to give trial judges the power to suspend sentences upon the conditions they deem fit and proper. *See Moore v. Patterson, supra.* They are allowed a wide, but not unlimited, discretion in imposing conditions of suspension or probation and they cannot impose conditions which are illegal and void as against public policy. 24 C. J. S. *Criminal Law* § 1618(8) (1961). In *Henry v. State*, 276 S. C. 515, 280 S. E. (2d) 536 (1981), we held that the trial judge was without authority to impose banishment from the state as a condition of probation, even if the defendant agreed to the sentence, because such a condition violates public policy. *See State v. Gilliam*, 274 S. C. 324, 262 S. E. (2d) 923 (1980).

The public policy of this State is derived by implication from the established law of the State, as found in its Constitution, statutes, and judicial decisions. *Batchelor v. American Health Ins. Co.*, 234 S. C. 103, 107 S. E.

(2d) 36 (1959); *Weeks v. New York Life Ins. Co.*, 128 S. C. 223, 122 S. E. 586 (1924). Article I, § 15, of our Constitution prohibits the infliction of cruel and unusual punishment. *Stockton v. Leeke*, 269 S. C. 459, 237 S. E. (2d) 896 (1977); *State v. Gamble*, 249 S. C. 605, 155 S. E. (2d) 916 (1967); *State v. Kimbrough*, 212 S. C. 348, 46 S. E. (2d) 273 (1948). Castration, a form of mutilation, is prohibited by Article I, § 15. *See Davis v. Berry*, 216 F. 413 (D. C. Iowa 1914); *Mickle v. Henrichs*, 262 F. 687 (D. C. Nev. 1918).

Accordingly, we remand all three cases to the lower court for resentencing in accordance with this opinion. Brown's petition for writ of *mandamus* is denied. The appeals of Vaughn and Braxton are dismissed.

Remanded.

NESS, Justice (concurring):

I concur that castration as a condition to suspension of the sentence and probation is void. I would hold the thirty year sentence is severable and valid. Resentencing is therefore unnecessary.

LITTLEJOHN, C. J., concurs.