875 F.2d 314
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Roscoe James BROWN, Petitioner-Appellant,
v.
Frank HORTON, Warden, PCI; William Leeke, South Carolina
Department of Corrections; Attorney General of
South Carolina, Respondents-Appellees.
 No. 88-7071.
 United States Court of Appeals, Fourth Circuit.
 Argued: April 14, 1989.
Decided: May 17, 1989.
 
 Stephen John Henry, for appellant.
 Donald John Zelenka, Chief Deputy Attorney General (T. Travis Medlock, Attorney General, on brief), for appellees.
 Before K.K. HALL, SPROUSE and CHAPMAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Roscoe James Brown appeals from the judgment of the district court granting summary judgment to Frank Horton, Warden of the Perry Correctional Institute in Pelzer, South Carolina, William D. Leeke of the South Carolina Department of Corrections, and the Attorney General of South Carolina in Brown's habeas corpus petition for relief under 42 U.S.C. Sec. 2254. We affirm.
 
 
 2
 Brown and two other defendants were indicted in 1983 for first-degree criminal sexual assault, kidnapping, and conspiracy. According to the magistrate's findings, the state's evidence would have shown that Brown had requested that the rape victim meet him at a motel to discuss a support case that the victim had filed against him. After the victim arrived at the motel, the three defendants sexually assaulted her for four to five hours by raping her vaginally, anally, and orally, by burning her with cigarettes, and by raping her with a liquor bottle. According to the medical report, the victim lost four to six pints of blood during the crime. Eventually all of the defendants pled guilty, but we review only Brown's guilty plea in this appeal.
 
 
 3
 Brown entered his guilty plea on October 25, 1983. The state prosecutor apparently advised the state trial court that he would not pursue a kidnapping charge, carrying a possible penalty of life imprisonment, and that he would recommend that sentencing on the other two counts of the indictment be concurrent. The trial court sentenced Brown to thirty years imprisonment with an alternative sentence that, if Brown would voluntarily undergo castration, the sentence would be suspended and he would be placed on probation for five years. The court also sentenced him to five years of confinement for criminal conspiracy to run concurrently with the other sentence and to carry the same optional castration suspension provision. Despite Brown's motion that the castration sentence be imposed, the state trial court refused to impose it until the South Carolina Supreme Court had considered its validity. The South Carolina Supreme Court eventually held that the castration alternative was unconstitutional and remanded for resentencing. See State v. Brown, 284 S.C. 407, 326 S.E.2d 410 (1985). Upon remand, a different state trial court imposed a sentence of thirty years of imprisonment for the criminal sexual conduct.
 
 
 4
 After exhausting state remedies, Brown filed a petition for a writ of habeas corpus in federal district court, challenging his plea and his thirty-year sentence. The court referred the case to the magistrate who recommended that the South Carolina officials' motion for summary judgment be granted. After a de novo review of the record, the district court found that Brown's petition was without merit and adopted the magistrate's recommendation. It granted the defendant's motion for summary judgment and dismissed the petition.
 
 
 5
 During the resentencing hearing in the state trial court, Brown presented the testimony of his wife, his codefendant, and his codefendant's mother in which they said that they thought that Brown's trial attorney advised Brown that the attorney was negotiating for a possible sentence of fifteen to twenty years. There was no testimony, however, that Brown's attorney reported to them that he had reached that agreement. Brown had stated unequivocably to the state trial court during his plea that his counsel had represented him effectively, that there had been no promises concerning any possible sentence, that he had understood the possibility of sentences, and that the plea was entirely voluntary.
 
 
 6
 While a defendant's statement in open court at the time of the plea can be overcome when circumstances suggest coercion or ineffective counsel, reviewing the record in this case, we find little from which such an inference can be drawn. To the contrary, the most logical inference is that Brown understood the proceeding and the possibilities of his sentence. We are not persuaded that his counsel's representation fell below the standard in Strickland v. Washington, 466 U.S. 668, 687 (1984). See also Hill v. Lockhart, 474 U.S. 52 (1985).
 
 
 7
 In view of the above, the judgment of the district court is affirmed.
 
 
 8
 AFFIRMED.