THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State, Respondent,
 v.
 Thomas
 Townsend, Appellant.
 
 
 

Appeal From Orangeburg County
 Diane Schafer Goodstein, Circuit Court
 Judge
Unpublished Opinion No. 2007-UP-387
Submitted September 1, 2007  Filed
 September 24, 2007   
APPEAL DISMISSED

 
 
 
 Aileen P. Clare, of Columbia, for Appellant.
 Attorney General Henry Dargan McMaster, Chief Deputy Attorney
 General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott,  all
 of Columbia; Solicitor David M. Pascoe, Jr., of Summerville, for Respondent.
 
 
 

PER
 CURIAM:  Thomas Townsend pled guilty to driving under the influence, second
 offense.  He was sentenced to one year imprisonment and a fine of $2,100,
 suspended on time served plus three years probation and payment of $1,000.  The
 trial judge also imposed the following probation conditions: (1) substance
 abuse counseling; (2) random drug and alcohol testingto include drug testing
 at least once a month; (3) attendance of at least three Alcohol Anonymous
 meetings per week; (4) intensive outpatient drug treatment if needed; and (5)
 anger management counseling.  On appeal, Townsend argues the trial judge abused
 her discretion by ordering the additional probation conditions.  We disagree. 
 It is well within the authority of the trial judge to impose probation
 conditions.  See S.C. Code Ann. § 24-21-430 (Supp. 2005)
 (listing thirteen conditions of probation and stating [t]he court may impose
 by order duly entered and may at any time modify the conditions of probation
 and may include among them the listed conditions or others not prohibited by
 this section); see also State v. Brown, 284 S.C. 407, 410, 326
 S.E.2d 410, 411 (1985) (holding trial courts are allowed a wide, but not
 unlimited, discretion in imposing conditions of suspension or probation and they
 cannot impose conditions which are illegal and void as against public
 policy).  The conditions imposed in this case are not unreasonable or against
 public policy.
After
 a thorough review of the record and counsels brief pursuant to Anders v.
 California, 386 U.S. 738 (1967), and State v. Williams, 305 S.C.
 116, 406 S.E.2d 357 (1991), we dismiss[1] Townsends appeal and grant counsels motion to be relieved. 
 
APPEAL
 DISMISSED.
HEARN, C.J.,
 HUFF and KITTREDGE, JJ., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.