646 S.E.2d 870

**The STATE, Respondent,**

v.

**John Marcus STEVENS, Appellant.**

**No. 26333.**

Supreme Court of South Carolina.

Heard May 2, 2007.

Decided June 4, 2007.

Rehearing Denied July 2, 2007.

Deputy Chief Attorney for Capital Appeals Robert M. Dudek, of Columbia, for Appellant.

John Benjamin Aplin, of S.C. Department of Probation, Parole and Pardon, of Columbia, for Respondent.

PER CURIAM.

Appellant contends the circuit court erred in revoking six months of his probation because the revocation was not predicated on appellant's violation of a condition of probation imposed by the sentencing judge. We agree and reverse the partial revocation.

## FACTS

Appellant was on probation following 2002 convictions for stalking and domestic violence of a high and aggravated nature. In 2005, appellant was alleged to have violated certain of his probationary conditions. Furthermore, a woman with whom he had been cohabiting complained to respondent Department of Probation, Parole, and Pardon Services (DPPPS) that while she had ended a romantic relationship with appellant, he "refused to leave her alone." In lieu of issuing a probation revocation warrant based upon the alleged violations, DPPPS entered an agreement with appellant in June 2005 whereby appellant consented to participate in DPPPS' Global Positioning Satellite (GPS) Program. Under this agreement, appellant agreed not only to be electronically monitored, but also to avoid certain "exclusion zones" areas near the former girlfriend's home and work.

In August 2005, DPPPS issued a probation revocation warrant alleging appellant had violated his probation by "entering a known exclusion zone" established by the June 2005 agreement. At the circuit court hearing, appellant argued that the violation of a non-judicially mandated term could not be the basis for a probation revocation. Specifically, appellant argued that such a revocation would violate the separation of powers doctrine as enunciated in *State v. Archie*, 322 S.C. 135, 470 S.E.2d 380 (Ct.App.1996). The judge revoked six months for appellant's violation of an exclusion zone.

## ISSUE

Whether the circuit court erred in revoking appellant's probation where he did not violate a judicially imposed condition?

## ANALYSIS

■ Appellant contends his violation of an exclusion zone established by his GPS agreement with DPPPS cannot be the basis for a probation violation. Under the facts of this case, we agree.

DPPPS acknowledges that revoking appellant's probation for his violation of a non-judicially imposed term would have

violated the separation of powers doctrine under the version of § 24-21-430 in effect when *State v. Archie* was decided. DPPPS contends, however, that any such constitutional problem was eliminated by a 1996 amendment to the statute. The current version of § 24-21-430 retains the language affirming the sentencing court's authority to "impose ... and ... at any time modify the conditions of probation ..." but adds these sentences:

> To effectively supervise probationers, the [DPPPS] director shall develop policies and procedures for imposing conditions of supervision on probationers. These conditions may enhance but must not diminish court imposed conditions.

■ We agree with DPPPS that the statutory change authorizes it to create policies and procedures which implement and support "**conditions of supervision** on probationers." (emphasis added). To read the statute as DPPPS urges, however, as authorizing it to add **conditions of probation,** would render the statute violative of the constitutional requirement of separation of powers. It is well-settled that the determination of those conditions is a judicial function which cannot, consonant with S.C. Const. art. I, § 8, be delegated to an executive agency such as DPPPS. *State v. Archie, supra.*

The statute permits DPPPS to impose "conditions of supervision" which "enhance ... court imposed conditions" of probation. Under the statute, one requirement which a court may impose as a condition of probation is that the probationer "submit to intensive surveillance which may include surveillance by electronic means." Section 24-21-430(11). Where condition 11 is imposed by the court, DPPPS may require the probationer to participate in the GPS program as a condition of supervision under § 24-21-430 because this program would "enhance ... court-imposed conditions" Under these circumstances, a violation of GPS monitoring would be a violation of the "enhanced court imposed conditions" and therefore grounds for a revocation. In this case, however, the sentencing court chose not to require appellant to "submit to intensive surveillance;" DPPPS therefore could not unilaterally impose GPS monitoring on appellant as this method of supervision did not enhance a judicially-ordered condition of probation. Nothing prevented DPPPS and appellant from reaching an agreement whereby appellant would participate in the program.

While appellant's failure to abide by the "exclusion zone" was a breach of his agreement with DPPPS, it was not a violation of the conditions of his probation. Under these circumstances, the circuit court erred in revoking a portion of appellant's probation.

## CONCLUSION

The order revoking six months of appellant's probationary sentence is

**REVERSED.**

TOAL, C.J., MOORE, BURNETT, PLEICONES, JJ., and Acting Justice J. CORDELL MADDOX, concur.