649 S.E.2d 178

**The STATE, Respondent,**

v.

**Bradley C. DAVIS, Appellant.**

No. 4282.

Court of Appeals of South Carolina.

Heard June 6, 2007.
Decided July 26, 2007.

---

7. We decide this case without oral argument pursuant to Rule 215, SCACR.

Joseph P. Cerato, of Charleston, for Appellant.

John Benjamin Aplin, of Columbia, for Respondent.

SHORT, J.

Bradley Davis appeals the circuit court's decision to place him in the Sex Offender Registry (Registry). Davis argues the trial court was without authority to order his placement in the Registry and that because his placement in the Registry would continue for life, it would violate the five year maximum duration allowed for service of probation. We reverse.

## FACTS

On May 12, 2004, Davis was indicted for "criminal sexual conduct with a minor in the first degree [for] engaging in sexual battery with a minor who was less than eleven years of

age. . . ." On January 6, 2005, in a plea agreement recommended by the State, Davis pled no contest to the lesser included offense of assault and battery of a high and aggravated nature (ABHAN). The presiding judge, Judge R. Markley Dennis, accepted the plea and sentenced Davis to six years imprisonment suspended upon the service of two years probation.[1] Judge Dennis (the Sentencing Judge) further ordered special conditions as follows: "sex offender counseling with Bill Burke; not be required to register as a sex offender; such additional counseling as needed."

Davis attended counseling with Dr. Bill Burke, missing only those sessions where he was not permitted to participate because he could not afford the required fee. However, Dr. Burke expressed concerns that Davis was not meaningfully participating in treatment because he refused to admit his guilt. Consequently, Dr. Burke reported that Davis was not in compliance with the treatment plan, and Davis was brought before Circuit Judge Diane Goodstein (the Probation Judge) for a probation revocation hearing.

Davis moved to have the probation revocation hearing transferred to the Sentencing Judge so that he could interpret his own order, but the Probation Judge denied this motion. At this June 30, 2005 hearing, Dr. Burke testified regarding what he believed to be Davis's non-compliance with the treatment plan and stated that because Davis was in denial, he posed an increased risk to the community. The Probation Judge revoked thirty days of Davis's probation and required that he serve this time on weekends. Further, she held the decision on whether to place Davis in the Registry in abeyance for thirty days to allow the parties to brief that issue.

On August 11, 2005, Davis was once again brought before the Probation Judge with the State seeking the revocation of Davis's probation for non-compliance with his treatment plan. On this occasion, Davis had failed to attend several of his counseling sessions, and although he had admitted his guilt, Dr. Burke doubted his sincerity. After hearing testimony and

---

1. The State's brief states Davis was convicted of two counts of ABHAN and sentenced to two six year terms to be served concurrently. The Sentencing Judge's order does not support this assertion. Further, the State declares that Davis pled guilty. This also is incorrect. The order clearly states a plea of *nolo contendere.*

recommendations from Dr. Burke and Davis's probation officer, the Probation Judge revoked Davis's probation and converted his sentence to youthful offender status. Further, she "added" Davis's placement in the registry "as a condition of his probation."[2] This appeal followed.

## LAW/ANALYSIS

### I. Authority to Place on the Registry

Davis cites section 23–3–430(D) of the South Carolina Code to support his contention that the probation revocation court lacked the authority to require his placement in the Registry. This statute states:

> Upon conviction, adjudication of delinquency, guilty plea, or plea of *nolo contendere* of a person of an offense not listed in this article, the **presiding judge** may order **as a condition of sentencing** that the person be included in the sex offender registry **if good cause is shown by the solicitor.**

S.C.Code Ann. § 23–3–430(D) (2007) (emphasis added). Davis argues this statute permits the presiding judge to order placement in the Registry as a condition of sentencing only when the solicitor has shown good cause. We agree and note a presiding judge cannot *sua sponte* place the person in the registry for a crime, such as ABHAN, which is not specifically listed in the statute as an offense requiring placement in the Registry. Davis further argues that because only the "presiding judge may order as a condition of sentencing that the person be included in the sex offender registry," the Probation Judge was without statutory authority to add him to the Registry at a later probation revocation hearing.

The Sentencing Judge's order indicates that the plea agreement is the result of a recommendation by the State and includes the language "not be required to register as a sex offender." One might endeavor to read the portion concerning Davis not being required to register as a sex offender to be conditioned on the adjacent language requiring him to undergo sex offender counseling with Dr. Burke. However, a

---

**2.** The Probation Judge found Davis violated his probation and added a new condition to his probation. Her statement that she could "add" placement in the registry as a condition of probation reflects her belief that it was not already a condition of probation.

clear reading of the order, which was signed by the solicitor, reveals assent by the parties to Davis not being registered as a sex offender. We read this assent as illustrating that the State did not show "good cause" why Davis should be placed in the Registry.

Further, Davis stated both in his brief to the Probation Judge regarding her authority to place him in the Registry and in his appellate brief to this court that his not being required to be placed in the Registry was a condition of the plea agreement. His brief to the Probation Judge further asserted that the solicitor agreed to this provision as was evidenced by the solicitor's oral statements to the Sentencing Judge in open court. The State did not deny the veracity of any of these assertions by Davis. In fact, the State's admission that Davis had not been evaluated prior to the plea hearing but that good cause was shown at the probation revocation hearing further enhances the notion that no good cause was shown at the plea hearing. With no good cause having been shown at the plea hearing, the Sentencing Judge would be without the statutory authority to either sentence Davis to be placed in the Registry or to make it a condition of his probation.

It necessarily follows that once the Sentencing Judge's order became final, neither he, nor the Probation Judge would be permitted to alter the sentence he had handed down. *See State v. Best*, 257 S.C. 361, 373–74, 186 S.E.2d 272, 277–78 (1972) (noting, the court lacks subject matter jurisdiction to modify, change, or amend a sentence after adjournment of the term of court at which the court imposed the sentence.) [3] The Sentencing Judge, that is the presiding judge at the time of sentencing, had specifically ordered that Davis not be required to register as a sex offender. However, in requiring Davis to register as a sex offender, the Probation Judge stated that she was adding it as a condition of Davis's probation. Section 24–21–430 of the South Carolina Code provides the trial court with the right to modify the conditions of probation. However,

---

3. We note Rule 29 of the South Carolina Rules of Criminal Procedure modifies this common law rule to allow ten days from the imposition of the sentence, regardless of the end date of the term of court, in which to file a post trial motion. This modification bears no impact under the facts of this matter.

this section does not grant jurisdiction for the trial court "to add, as a new condition of probation, a condition that the State expressly plea bargained away with court approval, particularly after the sentence, as here, has gone into execution and the term at which the sentence was imposed has ended." *State v. Rhinehart*, 312 S.C. 36, 38, 430 S.E.2d 536, 537 (Ct.App.1993). The State is bound by the bargain that it made to obtain a defendant's guilty plea. *Id.* at 39, 430 S.E.2d at 537. "The trial court, having accepted the plea agreement, must honor it also." *Id.* at 39, 430 S.E.2d at 538. Further, because section 23–3–430(D) of the South Carolina Code states that only the **"presiding judge** may order **as a condition of sentencing** that the person be included in the sex offender registry," we find the Probation Judge, who was not the presiding judge at the time of sentencing, was without the statutory authority to add placement in the Registry as a condition of probation (emphasis added). *See Gordon v. Phillips Utilities, Inc.*, 362 S.C. 403, 406, 608 S.E.2d 425, 427 (2005) ("If a statute's language is plain and unambiguous, and conveys a clear and definite meaning, there is no occasion for employing rules of statutory interpretation and the court has no right to look for or impose another meaning."). The statute's plain language dictates that the court's authority for placing individuals in the Registry exists only as a condition of sentencing.

We reverse and find Davis must be removed from the sex offender registry. Due to our reversal under the first issue on appeal, we need not address the remaining issues on appeal.

## CONCLUSION

We find the Probation Judge was without authority to place Davis in the sex offender registry. Accordingly, we reverse the circuit court and order that Davis be removed from the Registry.

**REVERSED.**

STILWELL, J., and WILLIAMS, J., concur.