675 S.E.2d 769

**The STATE, Respondent,**

v.

**Hoss HICKS # 2, Appellant.**

**No. 4510.**

Court of Appeals of South Carolina.

Submitted Feb. 3, 2009.

Decided Feb. 25, 2009.

Rehearing Denied May 5, 2009.

Appellate Defender Kathrine H. Hudgins, South Carolina Commission on Indigent Defense, of Columbia, for Appellant.

John Benjamin Aplin, South Carolina Dept. of Probation, Parole and Pardon Services, of Columbia, for Respondent.

WILLIAMS, J.:

Hoss Hicks (Hicks) appeals the circuit court's probation revocation and imposition of additional conditions of probation on the grounds that it violated separation of powers principles as well as the Ex Post Facto Clauses of the United States and South Carolina Constitutions. We affirm.

## FACTS

On September 14, 2005, Hicks waived grand jury presentment and pled guilty to one count of assault and battery of a high and aggravated nature. The charges stemmed from an encounter with a fourteen-year-old girl. Hicks was sentenced

to ten years imprisonment suspended upon time served with five years probation. As a condition of probation, the sentencing judge held Hicks was to have no contact with and was not to live within five miles of the victim or her family. Hicks was further required to complete one hundred hours of public service and submit to random drug testing. Hicks was not, however, required to register as a sex offender.

The September 14, 2005 sentencing order also incorporated the Department of Probation, Parole and Pardon Services' (the Department) standard conditions of probation (the Standard Conditions). One of the Standard Conditions is Condition Two, which states: "I shall not change my residence or employment without the consent of my Agent. Further, I shall allow my Agent to visit me in my home, at my place of employment, or elsewhere at any time."

On September 15, 2005, the State filed a motion to reconsider the sentence. A hearing was held, and in an order issued December 12, 2005, the sentencing judge changed the initial sentence by ordering Hicks to register under the South Carolina Sex Offender Registry (the Registry). The other requirements of the original sentence remained unchanged. Hicks appealed the sentencing judge's decision requiring him to register.[1]

Beginning in January 2006, the Department instituted a new policy (the Sex Offender Policy), the goals of which were "to effectively supervise sex offenders, to protect the public, and to promote the rehabilitation of the offenders" and "to reduce the likelihood of future sexual victimization." Under the Sex Offender Policy, any person who, as of January 1, 2006, was required to register pursuant to the terms of the Registry and was being supervised by the Department would be subject to the standard sex offender conditions (the Sex Offender Conditions).

On May 19, 2006, Hicks appeared before the circuit court for a probation violation hearing. The violation report alleged, among other things,[2] Hicks had violated Condition Nine of the

---

1. That decision was affirmed by this Court on March 18, 2008. *State v. Hicks,* 377 S.C. 322, 324, 659 S.E.2d 499, 500 (Ct.App.2008).

2. Also included in the violation report were allegations Hicks failed to pay supervision fees and a fine.

Sex Offender Conditions [3] (Condition Nine) by spending a
night at the residence of the mother of his child. As to the
alleged violation of Condition Nine, Hicks argued that by
basing his revocation, even in part, on a violation of Condition
Nine, the circuit court's imposition of the Sex Offender Condi-
tions violated separation of powers principles as well as the Ex
Post Facto Clause. The probation judge disagreed and issued
a written order finding Hicks had violated the conditions of his
probation. In the order, the court revoked probation, re-
quired Hicks to serve ninety days of his suspended sentence,
and added, as a condition of probation, all of the Sex Offender
Conditions.

After the circuit court imposed the additional Sex Offender
Conditions on Hicks' probation, counsel for Hicks requested
the court hear his specific objections as to the reasonableness
of each of the conditions. The circuit court refused to address
the objections. This appeal followed.

## STANDARD OF REVIEW

██ The decision to revoke probation is in the discretion
of the circuit court. *State v. Williamson,* 356 S.C. 507, 510,
589 S.E.2d 787, 788 (Ct.App.2003). An appellate court's au-
thority to review such a decision is confined to correcting
errors of law unless the lack of legal or evidentiary basis
indicates the circuit court's decision was arbitrary and capri-
cious. *Id.*

## LAW & ANALYSIS

### A. Separation of Powers

██ Hicks argues the circuit court's revocation of his pro-
bation based, at least in part, on violating Condition Nine of

---

**3.** Condition Nine states: "I will at all times maintain a suitable resi-
dence, approved by my agent, which complies with all conditions of my
supervision, which may not be within one thousand (1000) feet of any
area frequented by people under the age of 18, including but not limited
to schools, day care centers, playgrounds, arcades, swimming pools or
beaches, shopping malls, or theaters. I will obtain approval from my
agent of my residence and employment and shall obtain prior approval
from my agent before changing my residence or employment. I will
stay at my approved residence every night and will not sleep or stay
overnight anywhere else without prior approval of my agent."

the Sex Offender Conditions violates separation of powers principles because the Sex Offender Conditions were not judicially imposed. We disagree.

■ Initially, the State argues Hicks' failure to pay fines and supervision fees constitute additional sustaining grounds to affirm the circuit court's revocation. We disagree.

■ The basis for respondent's additional sustaining grounds must appear in the record on appeal. *State v. Arnold,* 319 S.C. 256, 260, 460 S.E.2d 403, 405 (Ct.App.1995). At the revocation hearing, Hicks argued his failure to pay was not willful because he was unable to secure work. However, the circuit court never ruled on the issue of willfulness, instead appearing more concerned with Hicks' constitutional arguments. The trial court, therefore, never made an on-the-record finding that Hicks' failure to pay was willful. Accordingly, the State's argument is without merit. *See State v. Spare,* 374 S.C. 264, 268–69, 647 S.E.2d 706, 708 (Ct.App.2007) (holding probation cannot be revoked solely for the failure to pay fines unless the trial court makes a finding on the record that probationer willfully failed to pay).

Nevertheless, we believe the revocation was proper because Condition Nine is merely an enhancement of a previous, judicially ordered condition, specifically Condition Two of the Standard Conditions, which prohibits Hicks from changing his residence or employment without the consent of his agent.

■ Section 24–21–430 of the South Carolina Code (Supp. 2008) states: "To effectively supervise probationers, the [Department] director shall develop policies and procedures for imposing *conditions of supervision* on probationers. These conditions *may enhance* but must not diminish court imposed conditions." (emphasis added). In other words, § 24–21–430 permits the Department to impose conditions of supervision that enhance conditions of probation ordered by the sentencing judge. *State v. Stevens,* 373 S.C. 595, 598, 646 S.E.2d 870, 872 (2007).

In *Stevens,* the appellant was alleged to have violated certain probationary conditions. *Id.* In lieu of issuing a probation revocation warrant based on violations of court imposed conditions, the Department entered into an agree-

ment with the appellant whereby he consented to participate in the Department's Global Position System (GPS) Program. *Id.* Under the agreement, the appellant agreed to avoid certain "exclusion zones" near his former girlfriend's home and work. *Id.* Two months later, the Department issued a probation revocation warrant alleging appellant violated a condition of probation by entering one of the exclusion zones established by the agreement. *Id.* At the probation revocation hearing, appellant argued his violation of the agreement could not be the basis for a probation revocation because the terms of the agreement were not court imposed conditions. *Id.* The circuit court disagreed and revoked six months for his violation of an exclusion zone condition. *Id.*

The Supreme Court reversed. *Stevens,* 373 S.C. at 597, 646 S.E.2d at 871. The Court held § 24–21–430 does not authorize the Department to add conditions of probation, only conditions of supervision. *Id.* In explaining the difference between the two, the Court used the example of § 24–21–430(11), which requires a probationer to "submit to intensive surveillance[,] which may include surveillance by electronic means." *Stevens,* 373 S.C. at 598, 646 S.E.2d at 872. The Court stated:

> Where condition 11 is imposed by the court, [the Department] may require the probationer to participate in the GPS program as a condition of supervision under § 24–21–430 because this program would "enhance ... court[ ]imposed conditions[.]" Under these circumstances, a violation of the GPS monitoring [condition] would be a violation of the "enhanced court imposed conditions" and therefore grounds for revocation. In this case, however, the sentencing court chose not to [impose condition 11]; [the Department] therefore could not unilaterally impose GPS monitoring on appellant as this method of supervision did not enhance a judicially[ ]ordered condition of probation.

*Stevens,* 373 S.C. at 598, 646 S.E.2d at 872. Thus, while the probationer's failure to avoid the exclusion zones violated the GPS monitoring condition of the agreement, such a violation was not grounds for probation revocation because the agreement itself was not an enhancement of any judicially ordered condition. *Id.* at 599, 646 S.E.2d at 872.

The present case, however, is distinguishable from *Stevens*. Here, the sentencing judge incorporated by reference the Standard Conditions as part of Hicks' original sentence. Condition Two of the Standard Conditions prohibits Hicks from changing his residence or employment without the consent of the agent. Likewise, Condition Nine of the Sex Offender Conditions prevents a probationer from changing residence or employment without the consent of the agent. When the circuit court imposed Condition Nine of the Sex Offender Conditions, this was merely an "enhancement" of Condition Two, a judicially ordered condition of probation. Accordingly, the circuit court's revocation was consistent with § 24–21–430.

### B. Ex Post Facto Clause

■ Hicks argues the circuit court's imposition of the additional Sex Offender Conditions violates the Ex Post Facto Clause because the Sex Offender Conditions were neither ordered by the sentencing judge nor in place at the time of sentencing. We disagree.

■ The Ex Post Facto Clauses of the United States and South Carolina Constitutions prohibit the enactment of any law that imposes a punishment for an act that was not punishable at the time it was committed or imposes additional punishment to what was then prescribed. *Weaver v. Graham*, 450 U.S. 24, 28, 101 S.Ct. 960, 67 L.Ed.2d 17 (1981); *see also Cooper v. S.C. Dep't of Prob., Parole & Pardon Servs.*, 377 S.C. 489, 501, 661 S.E.2d 106, 113 (2008) (stating an ex post facto violation occurs when a change in the law retroactively alters the definition of a crime or increases punishment for a crime). A law violates the Ex Post Facto Clause if (1) the law applies to events that occurred before its enactment and (2) the offender of the law is disadvantaged by the law. *State v. Walls*, 348 S.C. 26, 30, 558 S.E.2d 524, 525 (2002).

The State argues element (1) is not satisfied because the statute that authorizes the Department to enhance court imposed conditions has existed in its current version since before Hicks' conviction. We agree.

In *Cooper*, the Supreme Court held the Parole Board did not violate the Ex Post Facto Clause when, several years after Cooper's conviction, the Board established factors to be con-

sidered in granting or denying parole and denied parole based on those factors. 377 S.C. at 501, 661 S.E.2d at 112. The Supreme Court held the Board had not "changed the standards for granting parole" and, therefore, had not applied the law retroactively because S.C.Code Ann. § 24–21–640, which specifically authorizes the Board to establish written criteria for granting parole, had not been substantively amended since before Cooper's conviction. *Cooper* 377 S.C. at 501, 661 S.E.2d at 112. Here, § 24–21430, which gives the Department the authority to enhance court-imposed probation conditions, has existed in its current version since May 20, 1996, nine years before Hicks was convicted. Accordingly, the Ex Post Facto Clause was not violated.

## C. Addition of All Standard Sex Offender Conditions

Hicks argues the circuit court lacked authority to impose upon him all of the Sex Offender Conditions. The State argues this issue is not preserved for review because it was neither raised to nor ruled upon by the circuit court. We agree with the State.

For an issue to be preserved for appellate review, it must have been raised to and ruled upon by the circuit court. *State v. Dunbar*, 356 S.C. 138, 142, 587 S.E.2d 691, 693 (2003). At the probation revocation hearing, after the circuit court added the Sex Offender Conditions to Hicks' probation, Hicks asked the circuit court to address whether each of the Sex Offender Conditions was reasonable. Hicks did not, however, challenge the circuit court's underlying authority to add the Sex Offender Conditions to the existing conditions of probation. Accordingly, the issue is not properly preserved.

In any event, § 24–21–430 gave the circuit court in this case the authority to modify Hicks' probation by imposing the additional Sex Offender Standards.

Hicks argues only the sentencing judge, not the probation judge, has the authority to modify conditions of probation. To support this position, Hicks cites *State v. Davis*, 375 S.C. 12, 649 S.E.2d 178 (Ct.App.2007). There, this Court held a probation judge was not authorized to order placement on the Registry as a condition of probation. *Id.* at 17, 649 S.E.2d at 180.

However, *Davis* is distinguishable from the present case. In *Davis*, the probation judge lacked the authority to order placement on the Registry for two reasons. First, the State had already plea bargained away that condition at the sentencing hearing. *Id.* at 16, 649 S.E.2d at 180. Thus, once the sentencing judge's order became final, neither he nor the probation judge could add placement on the Registry without dishonoring the plea agreement. *Id.* In the present case, the State did not plea bargain away the Sex Offender Conditions.

Second, the statute at issue in *Davis*, § 23–3–430(D),[4] granted the power to order inclusion on the Registry only to the "presiding judge," i.e., the sentencing judge. *Id.* at 17, 649 S.E.2d at 180. The present case deals with a different set of statutory provisions. S.C.Code Ann. § 24–21–410 states, "*[T]he judge* of a court of record with criminal jurisdiction at the time of sentence may . . . place the defendant on probation." (2007) (emphasis added). However, § 24–21–430 states, "*The court* . . . may at any time modify the conditions of probation[.]" (emphasis added). Thus, while § 24–21–410 gives the power to impose probation to the sentencing judge alone, § 24–21–430 gives the power to modify probation conditions to "the court" of general session of the particular county, and therefore, the probation judge in the present case had statutory authority to add the Sex Offender Conditions.

Accordingly, we hold the circuit court had the authority to modify the sentence by adding all of the Sex Offender Conditions.

## D. Reasonableness of Conditions

▮▮▮ Hicks argues the circuit court erred in refusing to make a determination as to the reasonableness of each of the additional Sex Offender Conditions. We disagree.

▮▮▮▮ An appellate court will not reverse the circuit court's decision regarding probation unless the circuit court abused its discretion. *State v. Allen,* 370 S.C. 88, 94, 634

---

4. "Upon conviction, adjudication of delinquency, guilty plea, or plea of nolo contendere of a person of an offense not listed in this article, the presiding judge may order as a condition of sentencing that the person be included in the sex offender registry if good cause is shown by the solicitor." S.C.Code Ann. § 23–3–430(D).

S.E.2d 653, 656 (2006). Section 24–21–430 vests judges with "a wide, but not unlimited, discretion in imposing conditions of suspension or probation." *State v. Brown*, 284 S.C. 407, 410, 326 S.E.2d 410, 411 (1985). However, conditions of probation must be reasonable and judges cannot impose conditions that are illegal and void as against public policy. *Beckner v. State*, 296 S.C. 365, 366, 373 S.E.2d 469, 469(1988); *Brown*, 284 S.C. at 410, 326 S.E.2d at 411. As the Court stated in *Allen:*

> Various conditions of probation generally have been upheld unless (1) the condition is so unreasonable or overly broad that compliance is virtually impossible and the burden imposed on the probationer is greatly disproportionate to any rehabilitative function the condition might serve; (2) the condition has no relationship to the crime of which the offender was convicted; (3) the condition requires or forbids conduct which is not reasonably related to future criminality; (4) the condition relates to conduct which is not in itself criminal unless the prohibited conduct is reasonably related to the crime of which the offender was convicted or to future criminality; (5) the condition violates due process because it is overly broad or void for vagueness; or (6) the condition unnecessarily or excessively tramples upon First Amendment rights of free association.

370 S.C. at 97, 634 S.E.2d at 657.

We do not believe the circuit court abused its discretion by refusing to address the reasonableness of each of the Sex Offender Conditions for several reasons. First, there is no statutory requirement that the probation judge explicitly address the reasonableness of each and every probation condition imposed. Second, we do not believe the Sex Offender Conditions are so unreasonable or overly broad as to be void as against public policy or their burden on Hicks is greatly disproportionate to the protective functions they serve. Third, the Sex Offender Conditions are related to Hicks' original crime, and they forbid conduct that is reasonably related to future criminality. Fourth, Hicks can raise the issue of reasonableness again if and when the Department seeks to revoke his probation on the basis of violating any of the Sex Offender Conditions.

## CONCLUSION

Accordingly, the trial court's decision is

**AFFIRMED.**[5]

HUFF and KONDUROS, JJ., concur.

---

**5.** We decide this case without oral argument pursuant to Rule 215, SCACR.