692 S.E.2d 919

**The STATE, Respondent,**

v.

**Hoss HICKS, Petitioner.**

**No. 26812.**

Supreme Court of South Carolina.

Submitted April 20, 2010.

Decided May 3, 2010.

Appellate Defender Kathrine H. Hudgins, of Columbia, for Petitioner.

John Benjamin Aplin, of S.C. Department of Probation, Parole & Pardon Services, of Columbia, for Respondent.

PER CURIAM.

Petitioner pled guilty to assault and battery of a high and aggravated nature (ABHAN). He was sentenced to ten years' imprisonment, suspended upon time served and five years' probation. He was also required to register under the South

Carolina Sex Offender Registry. The Court of Appeals affirmed his conviction and sentence. *State v. Hicks*, 377 S.C. 322, 659 S.E.2d 499 (Ct.App.2008).

Subsequently, petitioner's probation was revoked, and ninety days of his sentence was reinstated, after which probation was to be reinstated. Additionally, Sex Offender Conditions promulgated by the South Carolina Department of Probation, Pardon and Parole Services (DPPPS) were added as a condition of petitioner's probation. Petitioner appealed to the Court of Appeals; however, he challenged only one of the three conditions the probation revocation judge found he violated. The Court of Appeals addressed the merits of petitioner's arguments and affirmed the revocation and the addition of conditions. *State v. Hicks*, 382 S.C. 370, 675 S.E.2d 769 (Ct.App.2009).

Petitioner has now filed a petition for a writ of certiorari in which he makes the same arguments he made to the Court of Appeals. We deny the petition as to Questions 2 and 3, but grant the petition as to Question 1 and dispense with further briefing.

Where the ruling of a trial judge is based on more than one ground, an appellate court must affirm unless the appellant appeals all grounds upon which the ruling was based. *Anderson v. Short*, 323 S.C. 522, 476 S.E.2d 475 (1996). In this case, the Court of Appeals erred in addressing the merits of petitioner's argument regarding the revocation of probation based on a violation of Sex Offender Conditions because the probation revocation judge revoked petitioner's probation on two additional grounds, which petitioner did not challenge. We therefore vacate the Court of Appeals' opinion and affirm the probation revocation judge's ruling.

**VACATED.**

TOAL, C.J., PLEICONES, BEATTY, KITTREDGE and HEARN, JJ., concur.