708 S.E.2d 806

**The STATE, Respondent,**

v.

**Charles Brandon BRANHAM, Appellant.**

**No. 4803.**

Court of Appeals of South Carolina.

Submitted Jan. 1, 2011.

Decided March 2, 2011.

James Ross Snell, Jr., of Lexington, for Appellant.

Rachel Donald Erwin, of Blythewood, for Respondent.

PIEPER, J.

Appellant Charles Brandon Branham was convicted of driving under the influence, first offense, following a jury trial in the magistrate's court. The circuit court affirmed the magis-

trate's refusal to dismiss the case due to the State's failure to provide Branham with a videotape of his breath alcohol analysis test (breath test). On appeal, Branham argues the court must dismiss his conviction because the State did not produce the videotape. We affirm.[1]

## FACTS

Trooper K.G. Ginn of the South Carolina Highway Patrol arrested Branham for suspicion of driving under the influence. A breath test was administered. Branham appeared pro se before the magistrate to plead not guilty and to request a jury trial. At a pretrial hearing, Branham did not indicate he wished to hire an attorney. On the day of jury selection, Branham did not appear in court and a jury was selected in his absence for a trial to begin the following day. On the day of jury selection but after a jury had been selected, Branham contacted the magistrate's court asking for a continuance because his attorney could not attend trial the next day. The court advised Branham that it would not grant him a continuance. At 4:54 p.m. the same day, attorney James Snell contacted the magistrate's court and requested a continuance because he was scheduled to appear for guilty pleas in the circuit court at the same time as Branham's trial. The magistrate contacted the circuit court and arranged for Snell to be present for Branham's trial.

On the day of trial, Snell moved to dismiss the charge because the State had not provided Branham with a videotape of the breath test site. The magistrate denied the motion. The magistrate also delayed the start of the trial to permit Snell to review evidence and discuss the case with Trooper Ginn. Trooper Ginn testified on behalf of the State. The State also entered the incident site videotape, implied consent form, and breath alcohol analysis test report (datamaster ticket) into evidence. The datamaster ticket contained a notice at the bottom that Branham could view the breath test site video by means of an internet website at www.sled.sc.gov and provided Branham with an I.D. and password to access the video. The jury found Branham guilty of driving under the influence and

---

1. We decide this case without oral argument pursuant to Rule 215, SCACR.

the magistrate sentenced Branham to thirty days, suspended upon payment of a fine.

Branham appealed to the circuit court, asking the court to either dismiss the conviction because the State failed to produce the breath test site videotape or remand for a new trial because the magistrate failed to grant a continuance so the State could produce the videotape. On appeal, the circuit court affirmed the magistrate's refusal to grant Branham's motion to dismiss. The circuit court also found that Branham's request for a continuance was not preserved for review because the magistrate's return did not indicate that a motion for a continuance was made. Alternatively, the circuit court concluded that Branham's continuance request, if made, was untimely because it was made after jury selection on the morning of trial. Branham appealed to this court, arguing only that his conviction should be dismissed for failure to produce the breath test site videotape.

## STANDARD OF REVIEW

■ In a criminal appeal from the magistrate's court, the circuit court does not review the matter de novo. S.C.Code Ann. § 14–25–105 (Supp.2010). The appeal must be heard by the circuit court upon the grounds of exceptions made and the record on appeal, without the examination of witnesses. S.C.Code Ann. § 18–3–70 (Supp.2010). The circuit court "may either confirm the sentence appealed from, reverse or modify it, or grant a new trial." *Id.* The appellate court's review in criminal cases is limited to correcting the order of the circuit court for errors of law. *City of Rock Hill v. Suchenski,* 374 S.C. 12, 15, 646 S.E.2d 879, 880 (2007).

## ANALYSIS

At the outset, we note that this case involves only the breath test site video required by section 56–5–2953(A)(2) of the South Carolina Code (2006)[2] and does not involve the incident site video, which was produced at trial by the State. We also specifically note that this case does not involve any

---

2. Section 56–5–2953 was amended effective Feb. 10, 2009. *See* Act No. 201, 2008 S.C. Acts 1682–85. Thus, the amended statute is not applicable to Branham's March 4, 2008 arrest.

claim that the video was not accessible or available online. Thus, we analyze this case within this context.

Section 56–5–2953(B) of the South Carolina Code (2006) provides that a "[f]ailure by the arresting officer to produce the videotapes required by this section is not alone a ground for dismissal" if certain exceptions apply. The statutory exceptions are: (1) if the arresting officer submits a sworn affidavit certifying the video equipment was inoperable despite efforts to maintain it and there was no operable breath test facility available in the county; (2) if the officer submits a sworn affidavit that it was impossible to produce the videotape because the defendant either (a) needed emergency medical treatment or (b) exigent circumstances existed; and (3) in circumstances including but not limited to road blocks, traffic accidents, and citizens' arrests. *Id.* Other exceptions are possible as the statute further provides, "[n]othing in this section prohibits the court from considering any other valid reason for the failure to produce the videotape based upon the totality of the circumstances...." *Id.*

In *City of Rock Hill v. Suchenski,* our supreme court found dismissal of the charge was "an appropriate remedy" where a violation of section 56–5–2953(A) was "not mitigated" by an exception from subsection (B). 374 S.C. 12, 17, 646 S.E.2d 879, 881 (2007). On appeal, the City argued its noncompliance was excused pursuant to the exceptions listed in section 56–5–2953(B); however, the supreme court refused to consider the City's arguments because they were not preserved for appellate review. *Id.* at 15–16, 646 S.E.2d at 880. In finding dismissal an appropriate remedy, the supreme court stated "failure to produce videotapes would be a ground for dismissal if no exceptions apply."[3] *Id.* at 16, 646 S.E.2d at 881.

Branham argues that the State has inexcusably failed to comply with section 56–5–2953. Branham further asserts that

---

3. *Suchenski* was resolved on preservation grounds. The case did not address the provision within section 56–5–2953(B) stating "[n]othing in this section may be construed as prohibiting the introduction of other evidence in the trial...." In addition, the supreme court had no need to address what impact the presentation of "any other valid reason for the failure to produce the videotape" may have on possible remedies, such as dismissal or suppression. *Id.* However, based on the posture of this case and our disposition herein, we need not address these issues.

his failure to timely file a Rule 5 motion is not an exception to the State's statutory duty to produce a videotape from the breath test site; thus, Branham asserts his conviction must be vacated.

Pursuant to Rule 5 of the South Carolina Rules of Criminal Procedure, the prosecution must disclose certain types of information upon request of the defendant. The magistrate's return does not indicate Branham made an oral or written request for discovery. However, at the hearing before the circuit court, Branham's attorney argued that he made a Rule 5 motion orally before the magistrate. The circuit court addressed this assertion as a part of Branham's argument that the magistrate erred in refusing to grant a continuance in order to allow him to obtain and evaluate the breath test site videotape. First, the circuit court found Branham's issue on appeal was not preserved for the circuit court's appellate review because the magistrate's return did not indicate that Branham made a motion for continuance on the date of trial. The circuit court then alternatively ruled that the magistrate did not abuse her discretion in refusing to grant a continuance. In so doing, the circuit court found "a discovery request was not made until the morning of the trial." The circuit court also noted that the magistrate acted within her discretion when she delayed the start of the trial to permit Branham's attorney to confer with the prosecuting officer.

On appeal, Branham has abandoned his argument that he made an oral motion for discovery pursuant to Rule 5 because: (1) he did not contest the circuit court's ruling regarding the magistrate's failure to grant a continuance in his appellate brief and (2) Branham does not argue on appeal that he orally requested discovery. *See State v. Tyndall,* 336 S.C. 8, 17, 518 S.E.2d 278, 282 (Ct.App.1999) (noting an issue not argued in the appellate brief is deemed abandoned on appeal); Rule 208(b)(1)(B) ("Ordinarily, no point will be considered which is not set forth in the statement of the issues on appeal."). Further, because the court also alternatively ruled that Branham made an untimely discovery motion and Branham did not contest that finding, we find this alternative ground constitutes an independent basis to uphold the decision finding Branham's continuance request untimely. *See State v. Galloway,* 305 S.C. 258, 262–63, 407 S.E.2d 662, 665 (Ct.App.

1991) (declining to reach the merits of the issue where appellant failed to appeal an alternative ruling, which constituted an independent ground for upholding the judgment); *see also State v. Hicks*, 387 S.C. 378, 379, 692 S.E.2d 919, 920 (2010) (affirming the ruling of the trial court because the appellant failed to appeal all grounds upon which the ruling was based); *Jones v. Lott*, 387 S.C. 339, 346, 692 S.E.2d 900, 903 (2010) ("Under the two issue rule, where a decision is based on more than one ground, the appellate court will affirm unless the appellant appeals all grounds because the unappealed ground will become the law of the case."). Thus, we find the circuit court's decision that the magistrate properly proceeded with the trial without permitting more time for discovery is the law of the case.

■ Therefore, we are left with Branham's sole issue on appeal as to whether the State failed to comply with any statutory duty to produce the breath test site video pursuant to section 56–5–2953. This case presents in part the question of whether a statutory obligation to produce the breath test site video imposes any different obligations upon counsel to request discovery as counsel would in any other context. Branham asserts that the statute places no burden on the defendant to request production of the video in advance of trial. To resolve this question, we must determine the meaning of the word "produce" within the statutory framework at issue.

■ "All rules of statutory construction are subservient to the one that the legislative intent must prevail if it can be reasonably discovered in the language used, and that language must be construed in the light of the intended purpose of the statute." *State v. Sweat*, 386 S.C. 339, 350, 688 S.E.2d 569, 575 (2010). The court should look to the plain language of the statute. *Binney v. State*, 384 S.C. 539, 544, 683 S.E.2d 478, 480 (2009). In interpreting a statute, the court will give words their plain and ordinary meaning, and will not resort to forced construction that would limit or expand the statute. *Harris v. Anderson Cnty. Sheriff's Office*, 381 S.C. 357, 362, 673 S.E.2d 423, 425 (2009).

The meaning of the word "produce" in the context of section 56–5–2953(B) has not been addressed by the appellate courts

of this state. Black's Law Dictionary defines "produce" as "to provide (a document, witness, etc.) in response to a subpoena or discovery request." Black's Law Dictionary (9th Ed.2009). "Produce" is also defined by Black's Law Dictionary as "to bring into existence; to create." *Dictionary.com* offers a similar definition: "to make or manufacture." Merriam–Webster defines "produce" as "to cause to have existence or to happen" and "to give being, form, or shape to; make, especially manufacture." Merriam–Webster additionally includes these definitions: "to offer to view or notice" and "to give birth or rise to: yield." The World English Dictionary provides other definitions of "produce," including "to bring forth (a product) by mental or physical effort; make" and "to manufacture (a commodity)." "Produce" also means "to present to view: to produce evidence" and "to bring before the public," according to the World English Dictionary. Essentially, Branham is asserting that "produce" within the statute means the state has an affirmative duty to hand over or to turn over the video, regardless of whether an actual or formal request was made for it.

Within the statutory framework at issue, we find the definition of the word "produce" intended by the General Assembly to be consistent with the following definitions: to bring into existence; to create; to manufacture; or to cause to have existence or to bring forth by mental or physical effort. We find support in this definitional approach from words in the statute itself. For example, in section 56–5–2953(B), an officer may submit a sworn affidavit certifying it "was physically impossible to produce the videotape because the person needed emergency medical treatment, or exigent circumstances existed." The use of the phrase "was physically impossible" instead of "is physically impossible" suggests a focal point at the time of the event. Thus, utilizing that time framework as our perspective, the meaning we ascribe to the word "produce" best fits within the statutory context as opposed to a meaning suggested by Branham, such as to physically hand over or turn over the videotape. Quite simply, we find the legislature intended that a video of the breath test site be created.

Moreover, the definition we adopt also encompasses the situation where the arresting officer is not the person who

conducts the breath test. In this situation, the arresting officer may bring the video into existence or cause the video to be created by taking the individual to the site where the test and video will be conducted by a certified datamaster operator.

■ Notwithstanding, even if we were to adopt a different meaning of the word "produce," such as to present to view, to bring before the public, or even to hand over or turn over, we nonetheless find the State has met any obligation created by the statute. In *State v. Landon*, 370 S.C. 103, 634 S.E.2d 660 (2006), our supreme court reviewed the State's alleged violation of section 56–5–2954 of the South Carolina Code (2006), which statutorily requires the State Law Enforcement Division (SLED) to maintain a detailed record of malfunctions, repairs, complaints, or other problems regarding breath test devices at each breath test site. The court found SLED satisfied the record-keeping requirement of the statute by making its internet records available at the breath test site. *Landon*, 370 S.C. at 108, 634 S.E.2d at 663. Although the case was remanded for further proceedings, we utilize *Landon* by analogy and find the arresting officer's duty to "produce" the videotape of the breath test site pursuant to section 56–5–2953 is met where the video is made available online and is accessible to the defendant. Whether the word "produce" is alternatively defined as to present to view or to hand or turn over, or some similar meaning, by making the breath test site video available online and accessible to the defendant, we find the State met its burden of producing the breath test video. We decline to find the State may only satisfy any statutory obligation by physically handing or turning over the videotape to the defendant or counsel.

While we need not rely on typical criminal discovery jurisprudence in reaching our conclusion, we note that the approach we adopt here today, including the acceptance of the use of an online website to acquire a copy of the breath test site video, is in harmony with criminal discovery practice. Rule 5 refers to "information subject to disclosure" upon request of a defendant. Rule 5(a)(1), SCRCrimP. In *State v. Newell*, 303 S.C. 471, 475–76, 401 S.E.2d 420, 423 (Ct.App. 1991), this court found the prosecution met its duty to disclose material discoverable under Rule 5 by making its file available

to the defense. In *Strickler v. Greene,* 527 U.S. 263, 276, 119 S.Ct. 1936, 144 L.Ed.2d 286 (1999), defense counsel in a capital case did not file a pretrial *Brady* motion for discovery of possible exculpatory evidence because the prosecutor maintained an open file, giving counsel access to all evidence in the prosecutor's files. The United States Supreme Court found it reasonable for counsel to rely on the open file policy and the implicit representation that all exculpatory materials would be included in the files. *Id.* at 284, 119 S.Ct. 1936; *see also Porter v. State,* 368 S.C. 378, 385, 629 S.E.2d 353, 357 (2006) (citing to *Strickler* for the proposition that defense counsel may rely on an open file policy in satisfaction of the prosecution's duty to disclose material exculpatory evidence but noting that institution of an open file policy does not mean presumed compliance with *Brady* ); *Riddle v. Ozmint,* 369 S.C. 39, 46–47, 631 S.E.2d 70, 74–75 (2006) (reversing the denial of post-conviction relief because the solicitor removed documents from the open file offered to defense counsel and the documents were material). The Seventh Circuit Court of Appeals found an unsupported assertion that the government suppressed evidence to be insufficient to support a *Brady* violation where the government maintained an open file policy of discovery. *U.S. v. Driver,* 798 F.2d 248, 251 (7th Cir.1986). We see no real fundamental distinction between the use of the online website to provide access to a video and the use of an open file policy to provide or produce discovery information.

Further, because the State met any statutory obligation to produce and the datamaster ticket in the record indicated the presence of the video online and provided a password to the defendant for access, it was incumbent upon the defendant to then show the video was not available online or accessible.[4] While not controlling as to our disposition of the issue, we also find this approach consistent with other discovery practice and jurisprudence, which places the burden on the party claiming the State did not produce evidence that it was required to produce. *See Gibson v. State,* 334 S.C. 515, 524, 514 S.E.2d 320, 324 (1999) (holding a defendant asserting a *Brady* claim for violation of due process must demonstrate: (1) the evi-

---

4. Lack of access could include a situation where a defendant asserts he does not have a computer or means to access or view the video. However, we note most attorneys do have such access.

dence was favorable to the defendant; (2) it was in the possession of or known to the prosecution; (3) it was suppressed by the prosecution; and (4) it was material to guilt or punishment). Here, Branham has failed to demonstrate in the record or in the briefs that the video[5] was not accessible to him or available online.

## CONCLUSION

Accordingly, the order of the circuit court affirming the magistrate's decision to deny Branham's motion to dismiss is hereby

**AFFIRMED.**

THOMAS and GEATHERS, JJ. concur.

---

5. Counsel did not request that the video be made part of the record for appellate purposes.