**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Floyd Riley, Appellant.

Appellate Case No. 2016-001116

———————

Appeal From Dorchester County
Maite Murphy, Circuit Court Judge

———————

Unpublished Opinion No. 2018-UP-174
Submitted March 1, 2018 – Filed May 2, 2018

———————

**AFFIRMED**

———————

Floyd Riley, of St. George, pro se.

Attorney General Alan McCrory Wilson and Senior Assistant Deputy Attorney General John Benjamin Aplin, both of Columbia; and Solicitor David Michael Pascoe, Jr., of Orangeburg, for Respondent.

———————

**PER CURIAM:**  Floyd Riley appeals the circuit court order affirming his conviction in magistrate court for speeding.  Riley argues the circuit court erred in affirming the magistrate because (1) the magistrate court violated Riley's due process rights by submitting information to the Department of Motor Vehicles

(DMV) that affected the number of points on his license, (2) the jury's verdict was not unanimous, (3) Riley was not allowed to question witnesses, and (4) the magistrate court denied Riley's right to submit evidence.  We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1.  As to Riley's argument that the magistrate court violated Riley's due process rights by submitting information to the DMV that affected the number of points on his license: *State v. Dunbar*, 356 S.C. 138, 142, 587 S.E.2d 691, 693-94 (2003) ("In order for an issue to be preserved for appellate review, it must have been raised to and ruled upon by the [magistrate court].  Issues not raised and ruled upon in the [magistrate court] will not be considered on appeal."); *Indigo Assocs. v. Ryan Inv. Co.*, 314 S.C. 519, 523, 431 S.E.2d 271, 273 (Ct. App. 1993) ("The circuit court, acting as an appellate court in a case heard by the magistrate [court], cannot consider questions that have not been presented to the magistrate [court].").

2.  As to Riley's remaining issues: *State v. Branham*, 392 S.C. 225, 228, 708 S.E.2d 806, 808 (Ct. App. 2011) ("In a criminal appeal from the magistrate[] court, the circuit court does not review the matter de novo."); *State v. Taylor*, 411 S.C. 294, 300, 768 S.E.2d 71, 74 (Ct. App. 2014) ("[T]he circuit court is bound by the magistrate court's findings of fact if any evidence in the record reasonably supports them."); *Branham*, 392 S.C. at 228, 708 S.E.2d at 808 ("The appeal must be heard by the circuit court upon the grounds of exceptions made and the record on appeal, without the examination of witnesses."); *id.* ("The appellate court's review in criminal cases is limited to correcting the order of the circuit court for errors of law."); *Hadfield v. Gilchrist*, 343 S.C. 88, 93-94, 538 S.E.2d 268, 271 (Ct. App. 2000) (stating that absent an error of law, this court will affirm the circuit court's decision in an appeal from the magistrate court if there are any facts in the record supporting that decision).

**AFFIRMED.**[1]

**SHORT, THOMAS, and HILL, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.