**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Terrell Denard Knightner, Appellant.

Appellate Case No. 2020-001018

---

Appeal From Richland County
L. Casey Manning, Circuit Court Judge

---

Unpublished Opinion No. 2023-UP-161
Submitted April 1, 2023 – Filed April 26, 2023
Withdrawn, Substituted and Refiled June 28, 2023

---

**AFFIRMED**

---

Appellate Defender Taylor Davis Gilliam and Appellate Defender Kathrine Haggard Hudgins, both of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Senior Assistant Deputy Attorney General William M. Blitch, Jr., and Solicitor Byron E. Gipson, all of Columbia, for Respondent.

---

**PER CURIAM:**  Terrell Denard Knightner appeals the plea court's order granting the State's motion to reconsider and reinstating the probation court's order placing Knightner on the sex offender registry.  On appeal, Knightner asserts the plea court erred in granting the State's motion to reconsider because no good cause existed to justify placing him on the registry.  We affirm pursuant to Rule 220(b), SCACR.

Initially, because Knightner did not appeal the plea court's sentencing order stating he would not be placed on the sex offender registry unless he violated the condition of his probation, the order is the law of the case.  *See Smith v. State*, 413 S.C. 194, 196, 775 S.E.2d 696, 697 (2015) ("[A]n unappealed ruling, right or wrong, is the law of the case." (alteration in original) (quoting *Atl. Coast Builders & Contractors, LLC v. Lewis*, 398 S.C. 323, 329, 730 S.E.2d 282, 285 (2012))).  Additionally, the probation court could not alter provisions in the sentencing order because only the plea court had the authority to determine whether Knightner must register as a sex offender as a condition of his sentencing.  *See In re M.B.H.*, 387 S.C. 323, 326, 692 S.E.2d 541, 542 (2010) ("A [sentencing court] has broad discretion in sentencing within statutory limits."); *id.* ("A [sentencing court] must be permitted to consider any and all information that reasonably might bear on the proper sentence for a particular defendant."); *id.* ("A sentence will not be overturned absent an abuse of discretion when the ruling is based on an error of law or a factual conclusion without evidentiary support."); S.C. Code Ann. § 23-3-430(D) (Supp. 2022) ("Upon . . . guilty plea . . . of a person of an offense not listed in this article, the presiding judge may order as a condition of sentencing that the person be included in the sex offender registry if good cause is shown by the prosecution."); *State v. Davis*, 375 S.C. 12, 17, 649 S.E.2d 178, 180 (Ct. App. 2007) ("The statute's plain language dictates that the court's authority for placing individuals in the Registry exists only as a condition of sentencing."); *id.* at 16, 649 S.E.2d at 180 ("[O]nce the Sentencing Judge's order became final, neither he, nor the Probation Judge would be permitted to alter the sentence he had handed down.").  As a result, the sentencing order required the probation court to order Knightner to register as a sex offender when he violated his parole, and the plea court properly granted the State's motion to reconsider, reinstating the probation court's order.

**AFFIRMED.**[1]

**WILLIAMS, C.J., and GEATHERS and VERDIN, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.