**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Bowen Gray Turner, Appellant.

Appellate Case No. 2022-001018

---

Appeal From Orangeburg County
Roger M. Young, Sr., Circuit Court Judge

---

Unpublished Opinion No. 2025-UP-010
Heard September 10, 2024 – Filed January 8, 2025

---

**AFFIRMED**

---

Chief Appellate Defender Robert Michael Dudek and Appellate Defender Lara Mary Caudy, both of Columbia, for Appellant.

Matthew C. Buchanan, of South Carolina Department of Probation, Parole and Pardon Services, of Columbia, for Respondent.

---

**PER CURIAM:**  Bowen Turner appeals the probation revocation court's order requiring him to register as a sex offender.  We affirm the probation revocation court's order.

1. Turner contends the probation court erred in refusing his request for a continuance.  We disagree.  "The denial of a motion for a continuance is within the sound discretion of the trial court and will not be disturbed absent a showing of an abuse of discretion resulting in prejudice."  *State v. Meggett*, 398 S.C. 516, 523, 728 S.E.2d 492, 496 (Ct. App. 2012).  "An abuse of discretion arises from an error of law or a factual conclusion that is without evidentiary support."  *State v. Irick*, 344 S.C. 460, 464, 545 S.E.2d 282, 284 (2001).  The probation court acted within its discretion in denying Turner's motion for a continuance.  Any opinion evidence that would have been obtained from a medical evaluation should have been presented to the sentencing court at Turner's guilty plea.  "[O]nce the Sentencing [court]'s order became final, neither [it], nor the Probation [court] would be permitted to alter the sentence [it] had handed down."  *State v. Davis*, 375 S.C. 12, 16, 649 S.E.2d 178, 180 (Ct. App. 2007); *see also State v. Best*, 257 S.C. 361, 373–74, 186 S.E.2d 272, 277–78 (1972) (noting the sentencing court lacks subject matter jurisdiction to modify, change, or amend a sentence after adjournment of the term of court at which the court imposed the sentence).

2. Turner argues the probation court failed to exercise discretion by ordering him to register for the sex offender registry.  We disagree.  The probation court correctly declined to alter Turner's sentence.  The sentencing court heard all of the circumstances surrounding Turner's guilty plea and noted that "there were some things going on that needed to be addressed and you've started doing that.  Well, this will give you a chance to further address those things so the people don't have to go through that again."  The sentencing court clarified that "any violation of the sex offender conditions of probation" would cause Turner to have to register as a sex offender.  Turner signed a plea agreement when he pled guilty, notifying him of his placement on the registry if he violated the conditions of his probation.  Condition eleven of the Standard Sex Offender Conditions signed by Turner at the guilty plea stated, "I will not consume alcoholic beverages."  Turner was arrested after using fake identification to purchase alcohol in a bar and drinking three whiskey sours.[1]  Therefore, the probation court did not err in revoking Turner's

---

[1] Additional concerning behavior related to Turner's approaching of female customers at the bar is detailed in the Summary of Turner's Administrative Hearing.  The Summary notes, "As this behavior continued and the women complained of being harassed by Mr. Turner's behavior, Mr. Turner was asked to leave [the bar] around 11 PM."  The probation revocation court was also notified of Turner's pending "citation charging him with threatening a public official at the jail."

probation and requiring him to register as a sex offender.  The sentencing court's order was final.  *See Davis*, 375 S.C. at 16, 649 S.E. 2d at 180 ("[O]nce the Sentencing [court]'s order became final, neither [it], nor the Probation [court] would be permitted to alter the sentence [it] had handed down."); *State v. Hamilton*, 333 S.C. 642, 648, 511 S.E.2d 94, 97 (Ct. App. 1999) ("Probation is a matter of grace; revocation is the means to enforce the conditions of probation.").

**AFFIRMED.**

**WILLIAMS, C.J., and MCDONALD and TURNER, JJ., concur.**